# 2008 DTA 83

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL VII**

NILDA VÁZQUEZ DÁVILA, *ET ALS*
Peticionarios

v.

AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS *ET ALS*
Recurridos

Núm. KLCE-2007-01517

San Juan, Puerto Rico, a 17 de junio de 2008

Panel integrado por su Presidente, el Juez Rivera Román,
la Juez Coll Martí y el Juez Vizcarrondo Irizarry

Vizcarrondo Irizarry, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante nos mediante recurso de *certiorari* la señora Nilda Vázquez Dávila y otros (los peticionarios) en solicitud de revisión de unas Órdenes emitidas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 29 de agosto de 2007 y notificadas el 20 de septiembre de 2007. Mediante la primera de dichas órdenes, el foro *a quo* declaró no ha lugar unas mociones de los peticionarios para: 1) que se dieran por admitidos los requerimientos de admisiones cursados a los recurridos; 2) en oposición a prórroga para contestar interrogatorios y en solicitud de imposición de sanciones. Mediante la segunda orden recurrida, el TPI concedió un término adicional de quince (15) días para finalizar el descubrimiento de prueba pendiente. Los peticionarios nos solicitan que revoquemos las órdenes recurridas, de manera que se den por admitidos los mencionados requerimientos de admisiones y que, además, impongamos sanciones a los recurridos y, en consecuencia, eliminemos las alegaciones de éstos.

### I

Los peticionarios presentaron una demanda de daños y perjuicios el 22 de diciembre de 2006 ante el TPI, Sala Superior de Bayamón, contra la Autoridad de Acueductos y Alcantarillados (AAA) y la aseguradora de ésta, National Insurance Company. En síntesis, los peticionarios alegaron haber sufrido daños ascendentes a $932,419.00 como consecuencia de un desbordamiento de aguas negras en su propiedad. Sostuvieron que el referido desbordamiento se debió a la alegada negligencia de la AAA en el cumplimiento de su deber de proveer servicio adecuado de alcantarillado sanitario y de dar mantenimiento adecuado a dicha infraestructura.

Los recurridos comparecieron ante el TPI el 1 de febrero de 2007 mediante *Moción asumiendo representación legal y solicitando término para alegar*. Éstos solicitaron al TPI un término de 45 días para contestar la demanda, contados a partir de la notificación de la orden del tribunal a esos efectos. El 8 de febrero de 2007, el TPI emitió una orden, notificada el 20 de febrero de 2007, mediante la cual concedió a los recurridos un término de 30 días para presentar sus alegaciones responsivas.

El 9 de febrero de 2007 los peticionarios le notificaron a los recurridos un primer pliego de interrogatorios. El 9 de marzo de 2007, los recurridos solicitaron al TPI una prórroga de 30 días para contestar el referido interrogatorio, la cual les fue concedida mediante una orden emitida el 15 de marzo de 2007 y notificada el 10 de abril de 2007.

Así las cosas, el 2 de abril de 2007 los peticionarios solicitaron al TPI la anotación de rebeldía. Éstos señalaron que el término concedido por el TPI a los recurridos para que contestaran la demanda había vencido el 22 de marzo de 2007, y que estos últimos aún no habían presentado sus alegaciones responsivas. Mediante orden emitida el 8 de abril de 2007 y notificada el 20 de abril de 2007, el TPI denegó la solicitud de anotación de rebeldía. Entretanto, el 3 de abril de 2007, los recurridos presentaron su contestación a la demanda.

**181**

El 18 de mayo de 2007, los peticionarios notificaron a los recurridos un *Segundo interrogatorio y requerimiento de admisiones de hechos*. En la parte introductoria de dicho documento, los peticionarios puntualizaron que el mismo debería ser contestado dentro del plazo de treinta (30) días a partir de su notificación. Posteriormente, no habiendo recibido aún la contestación al primer pliego de interrogatorios, como tampoco la contestación al segundo pliego de interrogatorios ni al requerimiento de admisiones, el 25 de junio de 2007, los peticionarios presentaron ante el TPI una moción en la que solicitaron: 1) la imposición de sanciones económicas contra los recurridos por incumplimiento de éstos en el descubrimiento de prueba en lo referente a los dos pliegos de interrogatorios; 2) una orden bajo apercibimiento de eliminación de alegaciones para que éstos produjeran las contestaciones a ambos pliegos de interrogatorios; y 3) una resolución dando por admitidos los hechos sobre los cuales versaba el requerimiento sometido.

El 2 de julio de 2007, notificada el 5 de julio de 2007, el TPI emitió una orden disponiendo lo siguiente:

*"ORDEN. BAJO APERCIBIMIENTO DE SANCIONES, SE CONCEDEN 15 DIAS FINALES A LA DEMANDADA PARA CUMPLIR CON EL DESCUBRIMIENTO DE PRUEBA PENDIENTE."*

El 23 de julio de 2007, los recurridos solicitaron al TPI una prórroga para contestar el primer pliego de interrogatorios. Adujeron que por motivo de los frecuentes días festivos y período de vacaciones anuales de la persona que contestaría el referido interrogatorio, necesitaban un término adicional de veinte (20) días para contestar el mismo. En dicha moción, los recurridos no mencionaron ni el segundo pliego de interrogatorios ni el requerimiento de admisiones que les fueron notificados.

El 24 de julio de 2007, ya vencido el término concedido por el TPI mediante la orden del 2 de julio de 2007, los peticionarios presentaron una segunda moción al amparo de la Regla 33 de las de Procedimiento Civil para que se dieran por admitidos los requerimientos de admisiones. Además, el 30 de julio de 2007, los peticionarios se opusieron a la solicitud de prórroga de los recurridos. También solicitaron nuevamente la imposición de una sanción económica y la emisión de una orden bajo apercibimiento de eliminación de alegaciones.

Así las cosas, el 29 de agosto de 2007, notificada el 20 de septiembre de 2007, el TPI emitió una orden en la que dispuso lo siguiente:

*"1. SEGUNDA MOCION PARA QUE SE TENGAN POR ADMITIDOS REQUERIMIENTOS DE ADMISIONES Y SOBRE OTROS EXTREMOS*

*- VEASE ORDEN DE ESTA MISMA FECHA.*

*2. MOCION EN OPOSICION A "MOCION SOLICITANDO PRORROGA PARA CONTESTAR INTERROGATORIO", SOLICITUD DE SANCIONES Y ORDEN BAJO APERCIBIMIENTO...*

*- VEASE ORDEN DE ESTA MISMA FECHA."*

En las mismas fechas, respectivamente, el TPI emitió y notificó la siguiente orden:

*"SE CONCEDEN 15 DIAS FINALES PARA CUMPLIR CON EL DESCUBRIMIENTO DE PRUEBA PENDIENTE."*

Insatisfechos con las anteriores determinaciones, acuden ante este Tribunal los peticionarios mediante el recurso de epígrafe, presentado el 11 de octubre de 2007. En el mismo, los peticionarios aducen que el TPI erró: 1) al emitir la orden de 29 de agosto de 2007 que no da por admitidos los requerimientos de admisiones; 2) al conceder a los recurridos un término adicional de 15 días para contestar los interrogatorios; 3) al conceder un

término de 15 días finales para completar el descubrimiento de prueba pendiente; 4) al no dar por admitidos los requerimientos de admisiones cursados a los recurridos; y 5) al no eliminar las alegaciones de los recurridos.

Mediante Resolución que emitiéramos el 25 de octubre de 2007, concedimos a las recurridas un término de treinta (30) días para reaccionar a la petición de *certiorari*. Las recurridas comparecieron ante nos mediante un *Alegato en oposición a petición certiorari*, presentado el 30 de noviembre de 2007. Con el beneficio de ambas comparecencias, y estando en posición de resolver, procedemos a así hacerlo.

## II

Es norma reiterada que este Foro podrá intervenir con una decisión interlocutoria del tribunal de instancia cuando se demuestre que dicho foro cometió un craso abuso de discreción, actuó con prejuicio y parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 D.P.R. 170, 181 (1992). "*Los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción*". *Meléndez v. Caribbean Int'l News*, 151 D.P.R. 649 (2000).

El Tribunal Supremo reiteradamente ha expresado que la *"discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera*". *Ramírez v. Policía de P.R.*, 158 D. P.R. 320 (2002). Dentro del ámbito judicial, el concepto de discreción "*no significa poder para actuar en una forma u otra haciendo abstracción del resto del derecho*". *Ramírez v. Policía de P.R.*, supra.

Por otro lado, es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. *Rivera y otros v. Bco. Popular*, 152 D.P.R. 140 (2000). Por lo tanto, el Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre descubrimiento de prueba que se va a seguir. *Vellón v. Squibb Mfg., Inc.*, 117 D.P.R. 838 (1986).

Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes *"descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio"*. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. *Rivera y otros v. Bco. Popular*, supra. Sin embargo, el descubrimiento de prueba no puede ser ilimitado. El tribunal puede limitar su alcance, siempre que con ello se adelante la solución de la controversia de una manera rápida, justa y económica. *Alfonso Brú v. Trane Export, Inc.*, 155 D.P.R. 158 (2001).

En lo pertinente al caso de autos, la Regla 33.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 33.1, dispone que:

*"Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia...".*

Cualquier admisión hecha de conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la misma. Sujeto a lo dispuesto en la Regla 37 que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa.

Para confrontar efectivamente un requerimiento de admisiones, la parte requerida, dentro del término de 20 días, tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia. Si la parte no cumple con este término, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tienen por admitidas. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 D.P.R. 563 (1997).

Una admisión como la anterior se considerará definitiva, a menos que el tribunal permita su retiro o una enmienda a ésta. La Regla 33, *supra,* contiene los criterios que el tribunal tiene que utilizar al ejercer su facultad discrecional para permitirle a una parte retirar o modificar una admisión. Tal y como surge de la referida Regla, el tribunal podrá permitir el retiro o enmienda de la admisión si se cumple con dos requisitos: (1) contribuye a la disposición del caso en sus méritos; y (2) la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa.

Al interpretar la facultad discrecional de los tribunales para permitir el retiro o la enmienda de una admisión bajo la Regla 33, *supra,* nuestro más alto Foro ha expresado que:

*"En el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en sus méritos. Debe de ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello."* Audovisual Lang. v. Sist. Est. Natal Hnos., *supra.*

Ahora bien, las disposiciones de la Regla 33, *supra,* son mandatorias, no meramente directivas, lo que requiere que haya un cumplimiento sustancial con las mismas. Sin embargo, al igual que ocurre con cualquier otra regla procesal, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. No podemos perder de perspectiva que las Reglas de Procedimiento Civil carecen de vida propia y que sólo existen para viabilizar la consecución del derecho sustantivo de las partes. *Audiovisual Lang. v. Sist. Est. Natal Hnos., supra.* De ahí que ante un conflicto procesal, el tribunal debe hacer un balance entre los intereses de las partes, a la luz del principio de que las Reglas de Procedimiento Civil se interpreten de manera que garanticen una solución justa, rápida y económica de la controversia. *Mun. de Arecibo v. Almacenes Yakima,* 154 D.P.R. 217 (2001). Esta liberalidad en la interpretación de las reglas procesales es cónsona con el principio de que los casos se diluciden en los méritos y de que haya una justa solución a la contienda. *Allende Pérez v. García,* 150 D.P.R. 892 (2000).

A la luz de las normas jurídicas expuestas, pasamos a considerar los señalamientos de error planteados en el recurso ante nos.

## III

Los peticionarios discuten conjuntamente los errores primero y cuarto. Mediante dichos errores, los peticionarios aducen que el TPI incidió al no dar por admitidos los requerimientos de admisiones cursados a los recurridos. Arguyen que el plazo de veinte días que dispone la Regla 33 de las de Procedimiento Civil para contestar los requerimientos de admisiones venció sin que los recurridos contestaran los mismos y que de los documentos obrantes en el expediente de autos se desprende que en ningún momento éstos solicitaron prórroga alguna para contestarlos. Los peticionarios contienden que, por tanto, dichos requerimientos de admisiones quedaron automáticamente admitidos y que el TPI abusó de su discreción al no haberlo así declarado.

Como hemos visto, el requerimiento de admisiones en cuestión fue notificado a los recurridos el 18 de mayo de 2007. Dicho requerimiento de admisiones estaba intercalado entre las preguntas del segundo pliego de interrogatorios, el cual constaba de 22 páginas y contenía un total de 98 preguntas y requerimientos de admisiones; en el mismo se indicó que el término para remitir las contestaciones sería de treinta (30) días a partir de su notificación. Sin embargo, los recurridos no sometieron oportunamente las contestaciones a dicho interrogatorio ni a los requerimientos de admisiones; tampoco solicitaron prórroga para ello. En su alegato de

oposición al presente recurso de *certiorari*, los recurridos nos indican que ya se entregó a los peticionarios todo el descubrimiento de prueba solicitado, incluyendo las contestaciones a ambos pliegos de interrogatorios.

Como señaláramos anteriormente, la Regla 33 de las de Procedimiento Civil dispone que, transcurrido el término sin que se reciba contestación, los requerimientos quedan admitidos automáticamente, sin necesidad de recurrir al tribunal. Sin embargo, aunque las disposiciones de la Regla 33 son mandatorias y requieren que haya un cumplimiento sustancial con las mismas, al aplicar e interpretar la misma, **los tribunales no pueden permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial**, *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, *supra*, a la pág. 400. (Énfasis suplido). Según indicáramos, este Tribunal no interviene con el ejercicio de la discreción de los tribunales de instancia, salvo que sea demostrado que hubo un claro abuso de discreción, que el tribunal de instancia actuó con prejuicio o parcialidad, que el tribunal de instancia erró en la interpretación o aplicación de cualquier norma procesal o que nuestra intervención en esa etapa evitará un perjuicio sustancial, *Lluch v. España Service Sta.*, 117 D.P.R. 729, 745 (1986).

Bajo las circunstancias aquí consignadas, procede aceptar la contestación de los recurridos al requerimiento de admisiones. Ello fomenta la solución del caso mediante una vista en sus méritos. Lo contrario podría acarrear una injusticia a los recurridos, toda vez que una simple lectura del requerimiento de admisiones en cuestión es suficiente para concluir que, de darse por admitido el mismo, el paso a seguir sería dictar sentencia condenándoles a responder por los daños alegadamente sufridos por los peticionarios. Esto último sin que los recurridos tengan oportunidad de presentar prueba en contrario o de plantear cualquier defensa procedente en derecho. Al aplicar las normas anteriormente expuestas al caso de autos, surge que el TPI no erró al negarse a dar por admitido el requerimiento de admisiones presentado por los peticionarios. Concluimos que no se cometieron los errores señalados.

Mediante los errores segundo, tercero y quinto, los peticionarios aducen que el TPI incidió al no sancionar a los recurridos por éstos no haber contestado oportunamente los dos pliegos de interrogatorios que le fueron cursados. Los peticionarios puntualizan que el TPI erróneamente concedió a los recurridos un término de "*15 días finales para cumplir con el descubrimiento de prueba pendiente*", aun cuando ya anteriormente les había concedido a éstos un plazo de "*15 días finales*" bajo apercibimiento de sanciones. Arguyen los peticionarios que era procedente que el TPI sancionara la conducta de los recurridos mediante la eliminación de las alegaciones.

No les asiste la razón. La trayectoria de la jurisprudencia de los últimos años señala la preferencia de la sanción económica como primera alternativa y ésta procede contra el abogado de la parte si se ha demostrado que éste es el responsable de la dejadez procesal. *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 814 (1986); *Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305, 307-308 (1976); Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, **Publicaciones J.T.S.**, 1985, a la pág. 205.

Si bien los peticionarios no tienen razón en cuanto a su contención de que el TPI debió eliminar las alegaciones de los recurridos, opinamos que el TPI sí abusó de su discreción al no aplicar una sanción económica a la representación legal de los recurridos. Un tribunal, ante una situación procesal que amerite sanciones, debe primero imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda, eliminación de las alegaciones o anotación de la rebeldía, únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida. La razón principal para no imponer sanciones drásticas a la parte por desatención al trámite procesal civil es que, de ordinario, dicha parte no está informada del trámite rutinario del caso. Véanse, *Mun. de Arecibo v. Almacenes Yakima*, *supra*, a la pág. 223; *Amaro González v. Fed. Savs.*, 132 D.P.R. 1042 (1993); *Dávila v. Hosp. San Miguel, Inc.*, *supra*; *Ramírez de Arellano v. Srio. de Hacienda*, 85 D.P.R. 823, 829-830 (1962).

## IV

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado. Se le ordena al Tribunal de Primera Instancia que notifique directamente a la parte demandada (AAA) la desatención del caso por su representante legal; que proceda a imponerle al Lcdo. José Luis Lugo Mercado una sanción económica por dicha desatención del caso; y que aperciba al Lcdo. Lugo Mercado con notificación directa a la parte demandada que de no cumplir con el descubrimiento de prueba dentro del plazo concedido, se le eliminarán las alegaciones. Así modificada, se confirman las órdenes recurridas.

Regístrese y notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

<div align="right">

Lic. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones