HÉCTOR ALLENDE PÉREZ y OTRO, demandantes y apelantes, *v.* AGUSTÍN GARCÍA y OTROS, demandados y apelados.

*Número:* AC-99-21 *Resuelto:* 28 de abril de 2000

894

*Luis A. Fernández Domenech,* abogado de la parte peticionaria; *Enrique Adames Soto* y *Juan Diego García Chamorro,* del *Bufete García & Fernández,* abogados de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El peticionario Héctor Allende Pérez trabajó para la Puerto Rico Telephone Company (en adelante la PRTC)

hasta el 13 de diciembre de 1995, fecha en que fue cesanteado. El 26 de febrero de 1996, Allende Pérez presentó ante la Corte de Quiebras una solicitud acogiéndose a un procedimiento de quiebra, al amparo del Capítulo 7 del Código federal de Quiebras. Como parte del procedimiento, Allende Pérez sometió un inventario de activos y pasivos, nombrándose al Sr. Antonio Fiol Matta como síndico para que administrara el caudal en quiebra. Posteriormente, el 9 de agosto de 1996, Allende Pérez recibió la descarga correspondiente (*discharge*) de la Corte de Quiebras.

Así las cosas, *el 21 de octubre de 1996*, Allende Pérez, su esposa Carmen Soler Vargas y la sociedad legal de gananciales por ellos compuesta, presentaron, ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, una demanda contra la PRTC y varios de sus oficiales,[1] alegando que el despido del señor Allende Pérez estuvo basado en motivos discriminatorios por razón de su edad, sexo e ideas políticas, en violación a sus derechos civiles.

El 3 de febrero de 1997, los codemandados PRTC, Agustín García y Andrés Pérez Arenas, presentaron moción de sentencia sumaria, en donde alegaron que: por haberse acogido a un procedimiento de quiebra, en el cual se nombró un síndico, Allende Pérez carecía de legitimación activa (*standing*) para llevar la causa de acción de discrimen, ya que la misma pasó a formar parte del caudal en quiebra y que, por lo tanto, era el síndico, como única parte con interés, al que le correspondía llevar la acción, por lo que solicitaron la desestimación de la demanda. El foro de instancia determinó que *no* procedía desestimar la acción, ya que el síndico nombrado por el Tribunal de Quiebras podía ra-

---

[1] Entre los demandados figuran: Agustín García, en su carácter personal, su esposa y la sociedad legal de gananciales compuesta por ambos; Agustín García, Presidente de la Puerto Rico Telephone Company (en adelante PRTC); PRTC; Celulares Telefónica; Aseguradora ABC, y Andrés Pérez Arenas, su esposa y la sociedad legal de gananciales compuesta por ambos.

dicar una solicitud de intervención en la demanda de epígrafe.

Inconforme, el 2 de abril de 1998, la PRTC presentó un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, en donde reiteró los argumentos expuestos en la moción de sentencia sumaria. Dicho foro *revocó* la resolución del tribunal de instancia y desestimó la demanda.[2] Oportunamente, los demandantes presentaron ante nos un recurso de apelación imputándole al Tribunal de Circuito de Apelaciones haber errado al:

> 1) ...dictar Sentencia desestimando la demanda presentada por los demandantes apelantes.
> 2) ...resolver que la parte demandante no tiene legitimación activa ni capacidad jurídica ('standing') para ejercitar su causa de acción contra los demandados-apelados por violación a sus derechos civiles. Apelación, pág. 5.

Acogimos el recurso radicado como uno de *certiorari*, por ser éste el indicado, y el 5 de agosto de 1999 *expedimos* el auto. Estando en condiciones de resolver el recurso presentado, procedemos a así hacerlo.

## I

Por estar íntimamente relacionados entre sí, procedemos a discutir, en forma conjunta, los dos (2) errores señalados. La controversia ante nuestra consideración se circunscribe a determinar si el señor Allende Pérez tiene legitimación activa para radicar una causa de acción por violación a sus derechos civiles y discrimen, luego de haberse acogido a un procedimiento de quiebra ante el Tribunal de Quiebra de Estados Unidos, bajo el Capítulo 7 de dicha Ley; de haberse nombrado un síndico en dicho pro-

---

[2] En cuanto a las causas de acción de la esposa y la sociedad legal de gananciales, el Tribunal de Circuito de Apelaciones desestimó ambas, fundamentándose en que de los hechos alegados en la demanda no surgía una causa de acción. La corrección de dicha actuación no fue cuestionada ante nos.

cedimiento, y de haber Allende Pérez omitido informar dicha causa de acción en el inventario sometido en el procedimiento de quiebra.

Los demandantes peticionarios sostienen que de las disposiciones del Código de Quiebra, y las Reglas de Procedimiento de Quiebra, no surge una prohibición expresa, clara y directa, que impida a un deudor, acogido a un procedimiento de quiebra bajo el Capítulo 7, ejercer por sí mismo una causa de acción por discrimen.

Por otro lado, los demandados recurridos alegan que del Código de Quiebra, y la jurisprudencia interpretativa del mismo, surge que una causa de acción por discrimen, que no se incluyó en las planillas (*schedules*) del Tribunal de Quiebra, es propiedad del caudal (*property of estate*), y es el síndico el único con legitimación activa para llevar la causa de acción; esto es, que el deudor acogido al Capítulo 7 *no* tiene "legitimación activa" para llevar una causa de acción que es propiedad del caudal y que no ha sido abandonada por el síndico.

## II

■ El propósito fundamental de todo procedimiento de quiebra es que el deudor tenga oportunidad de comenzar su vida económica nuevamente, mientras se protegen los intereses de los acreedores, distribuyendo entre éstos los activos del deudor de acuerdo con el Código de Quiebra. 2 *Collier Bankruptcy Manual 3d*, Sec. 541.01 (1999). Para lograr este propósito, la Sec. 541 del Código Federal de Quiebra, 11 U.S.C. sec. 541,[3] dispone para la creación de un caudal en quiebra (*Bankruptcy Estate*) al comienzo de los procedimientos, consistente de toda la propiedad que

---

[3] "Sec. 541. Property of the estate

"(a) The *commencement of a case under section* 301, 302, or 303 of this title creates an estate ...." 11 U.S.C. sec. 521.

estará sujeta a la jurisdicción de la Corte de Quiebra (*Bankruptcy Court*).([4])

■ La Sec. 521 del Código Federal de Quiebra, 11 U.S.C. sec. 521,([5]) establece que entre las obligaciones que tiene un deudor que se somete a un procedimiento de quiebra, está la de incluir con su petición de quiebra un estado financiero e inventario (*schedules*) de *todos* sus activos y pasivos. Precisamente porque este requisito es crucial para el funcionamiento efectivo del sistema federal de quiebra, la Sec. 152 (18 U.S.C. sec. 152) le impone una penalidad de multa, cárcel, o ambas, al deudor que hace declaraciones falsas u oculta propiedades a la Corte de Quiebra.

■ La Sec. 541(a)(1) del Código federal de Quiebra,([6]) ante, establece que es "propiedad del caudal" (*property of the estate*) y el deber de incluir en el inventario, *todo* interés propietario, legal o equitativo, perteneciente al deudor al comienzo del procedimiento de quiebras. Una vez el deudor presenta su inventario, sus propiedades pertenecen al caudal en quiebra.([7])

■ Los tribunales han establecido que la antes citada Sec. 541(a)(1) incluye o comprende causas de acción que pertenecían al deudor al comienzo del caso de quiebra. *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983);

---

([4]) Véase 28 U.S.C. sec. 1334(e), la cual le confiere jurisdicción exclusiva de toda la propiedad del caudal a la Corte de Quiebra.

([5]) "Sec. 521. Debtor's duties

"The debtor shall—

"(1)file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities...". 11 U.S.C. sec. 521.

([6]) "... Such estate is compromised of all the following property, whereever located and by whomever held:

"(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. sec. 541(a)(1).

([7]) Sin embargo, se le permite al deudor reclamar unas excepciones, establecidas en la Sec. 522 del Código Federal de Quiebra, 11 U.S.C. sec. 522, con el propósito de exceptuar del caudal unas propiedades, las cuales de no ser así reclamadas por éste, permanecen en dicho caudal. 5 *Collier on Bankruptcy 15th* Sec. 541.04 (1996).

*In re Ozark Restaraunt Equipment Co., Inc.*, 816 F.2d 1222, 1225, (8vo Cir.), *cert.* denegado, 484 U.S. 848 (1987). Específicamente se ha resuelto que las causas de acción, *por discrimen en el empleo*, pertenecientes al deudor al comienzo del caso de quiebra, son parte del caudal en quiebra, por lo que el deudor tiene la obligación de incluirlas en el inventario, *perteneciendo dichas causas al caudal aun cuando el deudor no las haya incluido en el inventario.* Véanse: *Bickford v. Ponce De León Care Center*, 918 F. Supp. 377, 378 (M.D. Fla. 1996); *Harris v. St. Louis University*, 114 B.R. 647 (E.D. Mo. 1990); *Richardson v. United Parcel Service*, 195 B.R. 737 (E.D. Mo. 1996).

■ Es de notar que, al respecto, se ha resuelto que el deudor no tiene que conocer todos los hechos o la base legal de la causa de acción; esto es, si el deudor tenía o conocía suficiente información que sugería una posible causa de acción, viene en la obligación de revelarla e incluirla. *In re Envirodyne Indus., Inc.*, 183 B.R. 812, 821 esc. 17 (N.D. III. 1995). Más aún, se ha determinado que cualquier reclamación potencial que el deudor pudiera tener debe ser incluida por éste, a pesar de que éstas fueran contingentes, dependientes o condicional. *Westland Oil Dev. v. MCorp Management Solutions*, 157 B.R. 100 (S.D. Tex. 1993).

■ Por otro lado, la Sec. 323 del Código Federal de Quiebra, 11 U.S.C. sec. 323,[8] dispone que en un caso de quiebra bajo el Capítulo 7, el síndico es el único representante del caudal y, como tal, tiene *capacidad exclusiva* para demandar y ser demandado en interés del caudal. *Matter of Heath*, 115 F.3d 521 (7mo Cir. 1997); *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4to Cir. 1997). Según la Regla

---

[8] "Sec. 323. Role and capacity of trustee

"(a) The trustee in a case under this title is the represantative of the estate.

"(b) The trustee in a case under this title has capacity to sue and be sued." 11 U.S.C. sec. 323.

6009 de Procedimiento de Quiebra, 11 U.S.C.,(⁹) el síndico, con o sin aprobación del tribunal, puede procesar, intervenir y defender cualquier acción pendiente por o contra el deudor, o comenzar y procesar cualquier acción o procedimiento en interés del caudal ante cualquier tribunal.

Así, reiteradamente los tribunales han determinado que el síndico es el sucesor de todas las causas de acción pertenecientes al deudor al comienzo del procedimiento de quiebra. *Jones v. Harrell*, 858 F.2d 667, (11mo Cir. 1988). Por lo tanto, si el deudor no puede establecer que la causa de acción está exenta, ésta pasa a formar parte del caudal en quiebra su derecho a demandar se le transfiere al síndico, y el deudor o cualquier otra parte pierden la capacidad para presentar la acción. *Matter of Raymond Const. Co. of Florida, Inc.*, 6 B.R. 793 (MD. Fla. 1980); *In re MortgageAmerica Corp.*, 714 F.2d 1266 (5to Cir. 1983); *Sizemore v. Arnold*, 647 N.E.2d 697 (Ind. Ct. App. 1995).

■ Procede señalar que, al igual que con los demás activos que forman parte del caudal, el síndico no esta obligado a "procesar" una causa de acción que no sea provechosa para el caudal. La Sec. 554 del Código Federal de Quiebra, 11 U.S.C. sec. 554,(¹⁰) establece el derecho que tiene el síndico de "abandonar" determinada propiedad, in-

---

(⁹) "With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."

(¹⁰) "Sec. 554. Abandonment of property of the estate

"(a) After notice and hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

"(b) On request of a party in interest and after notice and hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

"(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

"(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C. sec. 554.

cluyendo causas de acción. Cuando la causa de acción es abandonada por el síndico, el título revierte al deudor y es, entonces, cuando éste puede presentar la misma si así lo desea.

 La citada Sec. 554(c) provee para el abandono automático de las propiedades, de parte del síndico, una vez se cierra el caso; es de notar, sin embargo, que como el abandono presupone conocimiento por parte del síndico, si el deudor no incluyó en el inventario la propiedad, una vez el caso es cerrado, la misma no se entiende abandonada. *Krank v. Utica Mutual Insurance Co.*, 109 B.R. 668 (E.D. Pa. 1990) confirmado, 908 F.2d 962 (3er Cir. 1990). En esa situación, al descubrirse la propiedad no incluida en el inventario, la Corte de Quiebra puede reabrir el caso si determina que la misma es provechosa para el caudal; si determina lo contrario, puede ordenar su abandono. *Collier on Bankruptcy*, supra, Sec. 554.03.

 En resumen, el Código de Quiebra y la jurisprudencia pertinente y relevante al caso de autos, revelan que una causa de acción por discrimen en el empleo, que existía al momento de acogerse el deudor al procedimiento de quiebras, forma parte del caudal en quiebra y el deudor tiene que incluirla en el inventario; no teniendo capacidad el deudor para presentar la acción, a menos que la causa se determine exenta, o el síndico la abandone, pues es el síndico, como única parte con interés, el que tiene capacidad legal para presentar la acción.

### III

 Lo anteriormente expresado no dispone del recurso; queda por resolver *en qué momento* surgió la causa de acción en controversia en el caso de epígrafe. Si determinamos que la causa de acción surgió antes de comenzar el procedimiento de quiebra, resulta obvio que el señor Allende Pérez carecía de capacidad para presentarla. Si,

por el contrario, determinamos que la causa de acción surgió con posterioridad al comienzo del procedimiento de quiebra, tendríamos que concluir que el foro apelativo erró en su dictamen al concluir que el señor Allende Pérez carece de capacidad. Ello así ya que el deudor, en un procedimiento de quiebra al amparo del Capítulo 7, retiene posesión de toda "propiedad" adquirida *después* de comenzado el caso de quiebra. *Matter of Ellis*, 108 B.R. 262 (D. Haw. 1989); *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1424 (M.D. Ala. 1996).

Reiteradamente hemos manifestado que en la determinación de cuál es el *punto de partida* de las acciones por daños y perjuicios; es decir, cuándo surge y existe para el perjudicado la acción, rige en nuestra jurisdicción la teoría cognoscitiva del daño. Según esta teoría, el término prescriptivo comienza cuando el agraviado *tuvo conocimiento del daño*; ello según lo establece el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, pues es entonces cuando surte efectos jurídicos, ya que puede alegarse y reclamarse la indemnización correspondiente.

*Además*, para que comience a correr el término prescriptivo no es suficiente que el perjudicado sepa que ha sufrido un daño, sino que es necesario, también, que conozca quién es el causante del daño para poder dirigir su demanda contra éste. *Colón Prieto v. Géigel*, 115 D.P.R. 232, 246 (1984); *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347 (1988); *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992); *Toledo Maldonado v. Cartagena Ortiz*, 132 D.P.R. 249 (1992); H. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, San Juan, Pubs. J.T.S., 1986.

Al así resolver, mantenemos presente que el conocimiento que tenga el titular sobre si ha nacido ya la acción que tiene derecho a ejercer es un factor determinante al evaluar si está prescrita o no dicha acción. Pues,

claro está, no puede ejercitarse una acción, si de buena fe el titular desconoce que tiene derecho a ejercitarla. *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746 (1994).

En cuanto a la determinación de la fecha en la que el perjudicado conoce del daño, hemos expresado que ello constituye con frecuencia un delicado problema de prueba e interpretación. La dificultad reside en la variedad de circunstancias en las que se da el problema del conocimiento del daño; hechos distintos requieren soluciones diversas. *Rivera Encarnación v. E.L.A.*, 113 D.P.R. 383 (1982).

En el caso de autos no existe controversia sobre los siguientes hechos: el señor Allende Pérez fue cesanteado el 13 de diciembre de 1995; aproximadamente dos (2) meses después, el señor Allende Pérez presentó la petición de quiebra, acompañada de su inventario de activos y pasivos, en el cual *no* incluyó la posible causa de acción por despido discriminatorio. Si bien es cierto que el despido constituye el alegado acto ilegal, no surge de los autos si el señor Allende Pérez conocía o debía conocer la posibilidad de una causa de acción contra el patrono, es decir, si al momento de acogerse a la quiebra el señor Allende Pérez conocía que el despido era consecuencia de conducta alegadamente ilegal por parte del patrono.

Los autos no nos permiten hacer una determinación completa sobre este aspecto. Nos vemos imposibilitados de precisar con exactitud en qué momento surgió la causa de acción de epígrafe y, por ende, si la misma pertenece, o no, al caudal en quiebra.[11] *Por ello, consideramos apropiado devolver el caso al foro de instancia para que se realice la vista correspondiente en la cual se dilucide cualquier controversia fáctica en torno al momento en que surgió la causa de acción de epígrafe.*

---

[11] Entendemos que para disponer de este recurso no es necesario evaluar si el señor Allende omitió informar su posible causa de acción intencionalmente, por lo tanto, no es necesario evaluar la doctrina de impedimento judicial.

# IV

La Regla 15.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III,([12]) establece, *como norma general*, que todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama; en el caso de autos, el síndico nombrado por la Corte de Quiebra.

Ahora bien, la propia Regla 15.1 de Procedimiento Civil, ante, establece unas *excepciones* a esta norma general. Categóricamente dispone, en lo pertinente, que "[n]o se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama *hasta que, luego de levantarse la objeción, se haya concedido un término razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiere incoado por la persona con derecho*". (Énfasis suplido.) Véase *Ríos Rosario v. Vidal Ramos*, 134 D.P.R. 3 (1993).

El propósito de la última parte de esta regla es evitar la pérdida de un derecho y la comisión de una injusticia, permitiéndose que, mediante enmienda, se ratifique o se sustituya al titular del derecho y que la enmienda se retrotraiga al inicio del pleito, aun cuando el término prescriptivo ya hubiese vencido al momento de presentarse la enmienda. Esta disposición es cónsona con la política pública que consistentemente hemos adoptado de liberalidad en la interpretación y aplicación de las reglas y normas

---

([12]) "Todo pleito se tramitará a nombre de la persona que por ley tenga el derecho que se reclama, pero una persona autorizada por ley podrá demandar sin el concurso de aquélla para cuyo beneficio se hace la reclamación; y cuando por ley así se disponga, podrá presentarse una reclamación a nombre del Estado Libre Asociado de Puerto Rico para beneficio de otra persona. No se desestimará un pleito por razón de no tramitarse a nombre de la persona que por ley tiene el derecho que se reclama hasta que, luego de levantarse la objeción, se haya concedido un tiempo razonable para que la persona con derecho ratifique la radicación del pleito, o se una al mismo, o se sustituya en lugar del promovente y tal ratificación, unión o sustitución tendrá el mismo efecto que si el pleito se hubiera incoado por la persona con derecho". 32 L.P.R.A. Ap. III.

procesales *a favor de que los casos se diluciden y resuelvan en los méritos.* Véase *Martínez v. Soc. de Gananciales*, 145 D.P.R. 93 (1998).

En consecuencia, y en virtud de lo dispuesto en la citada Regla 15.1 de Procedimiento Civil, ante, *somos del criterio de que lo procedente es devolver el asunto al Tribunal de Primera Instancia para que dicho foro determine en que momento surgió la causa de acción del señor Allende Pérez.* De resolver que la causa de acción surgió *antes* del comienzo del procedimiento de quiebra, el foro de instancia debe, entonces, conceder un término razonable al señor Allende Pérez para que éste acuda a la Corte de Quiebra y solicite de dicho foro que reabra el caso con el propósito de que el síndico determine si interesa proseguir con esta causa de acción; en cuyo caso se ordenaría por el tribunal de instancia la sustitución de parte, o si por el contrario, abandona la causa de acción a favor del señor Allende Pérez, permitiéndole a éste continuar con la misma. *Por otro lado*, si el foro de instancia determina que la causa de acción surgió con *posterioridad* al comienzo del procedimiento de quiebra, entonces, no procede la desestimación del caso de epígrafe, y el señor Allende Pérez puede continuar, como parte con interés, con la acción de epígrafe.

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón no intervino.