ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **JULIO ÁNGEL BONILLA VEGA, JULIO CÉSAR EUSEBIO HERNÁNDEZ**<br><br>Apelantes<br><br>v.<br><br>**JAIME RODRÍGUEZ, et als.**<br><br>Apelados | KLAN202300952 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**F CD2012-2018**<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Los señores Julio Ángel Bonilla Vega y Julio César Eusebio Hernández (en conjunto, los señores Bonilla y Eusebio o apelantes) impugnan la decisión emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) de desestimar la demanda de epígrafe instada contra los codemandados Bernard A. González, Ineabelle M. González Acevedo y la Sociedad Legal de Bienes Gananciales compuesta por ambos, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Por los fundamentos que expondremos a continuación, se ordena el archivo administrativo del presente caso.

**I.**

El 28 de diciembre de 2012, los señores Bonilla y Eusebio presentaron una *Demanda* sobre cobro de dinero en contra de Jaime Rodríguez, Mariela Otero Rodríguez y la Sociedad Legal de

Número Identificador

SEN2024_____

Bienes Gananciales compuesta por ambos (matrimonio Rodríguez-Otero); Wilfred Joel González Jr., Lizbeth Yanaira González Gordon y la Sociedad Legal de Bienes Gananciales compuesta por ambos; Brunie Marie González García; Wilfredo González Santiago, Carmen Colón Cruz y la Sociedad Legal de Bienes Gananciales compuesta por ambos; Bernard A. González, Ineabelle M. González Acevedo y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, matrimonio González-González); Villa Fresh Italian Kitchen, Inc. y GR At Road Runner Group I, Corporation (GR), entre otros (en conjunto, los demandados).

En lo pertinente al recurso ante nos, alegaron que los demandados eran socios de la corporación GR, dedicada a establecer las franquicias del codemandado Villa Fresh Italian Kitchen. Adujeron que el señor Rodríguez les solicitó una cotización para la construcción de unos locales comerciales en Plaza Carolina. Arguyeron que se le ofreció una participación a razón de un 10%, cada uno, de una sociedad para la operación de ciertos locales dentro del mencionado centro comercial. Afirmaron que, para lo anterior, se les solicitó una aportación para materiales y mano de obra durante la construcción. Reclamaron que nunca se firmó un acuerdo final que protegiera a ambas partes sobre la inversión realizada por éstos. Añadieron que, debido a ello, y en vía de que nunca se logró un contrato de la participación en la sociedad, solicitaron a los demandados que le pagaran las labores realizadas en las tiendas. Destacaron que sus gestiones de cobro fueron infructuosas. Así, solicitaron al tribunal que declarara ha lugar la demanda y ordenara el pago

de las cantidades reclamadas en ésta por cada uno de los demandantes.

En respuesta, el matrimonio González-González instó una *Moción de Desestimación*. Argumentó que no procedía un reclamo en su carácter personal, pues, eran socios de la compañía GR, y que, de existir alguna deuda, era ésta quien respondería.

El 31 de julio de 2017, el TPI emitió la sentencia parcial impugnada. Según adelantado, el foro primario desestimó la *Demanda* presentada contra el matrimonio González-González, al amparo de la Regla 10.2(5) de Procedimiento Civil. Ello, bajo el fundamento de que la demanda no exponía reclamación contra éstos que justificara la concesión de un remedio.

En desacuerdo con lo anterior, el 23 de agosto de 2017, los señores Bonilla y Eusebio solicitaron reconsideración. Mediante *Resolución* emitida el 26 de septiembre de 2023, el TPI la declaró *No Ha Lugar*.

Aun inconformes, los señores Bonilla y Eusebio presentaron el recurso de apelación de referencia, en el cual le señalaron al Tribunal de Primera Instancia el siguiente error:

> Erró el Tribunal de Primera Instancia al declarar Ha Lugar la Solicitud de desestimación a favor de los codemandados Bernard A. González e Ineabelle M. González Acevedo y la Sociedad Legal de Gananciales.

En esencia, los señores Bonilla y Eusebio aducen que, no tan solo el matrimonio González González era accionista de la corporación GR, sino que, en su carácter personal, realizó gestiones para que los demandantes prestaran sus servicios para la compañía de la cual se alegaba serían parte. Argumentan que de la demanda y la demanda enmendada surgen las alegaciones claras y concisas que demuestran la responsabilidad y

participación del matrimonio González González para responderle por sus actuaciones. Esbozan que cumplieron cabalmente con el fin de demostrar que existía una causa de acción que justificara la concesión de un remedio.

En su alegato en oposición, el matrimonio Rodríguez Otero expone que está conforme con la determinación del TPI de desestimar la causa de acción en torno al matrimonio González González en su carácter personal. A su vez, en su comparecencia incluyó un asunto de índole jurisdiccional, el cual atenderemos en primer orden. El matrimonio Rodríguez Otero sostiene que el matrimonio González González está cobijado bajo la protección del Código Federal de Quiebras, por lo que procede la paralización automática del caso en contra de éstos.

## II.

La finalidad principal de un procedimiento de quiebras es permitir que el deudor restablezca su vida económica por medio del relevo de todas sus deudas descargables, mientras se protegen los intereses de los acreedores al distribuirse entre estos los activos del deudor conforme al Código de Quiebras. *Allende Pérez v. García*, 150 DPR 892, 898 (2000); *Campolieto v. Anaya*, 142 DPR 582, 590 (1998).

Como se sabe, una vez una persona se acoge a este proceso aplica el "*automatic stay*" o paralización automática del Código de Quiebras. La paralización automática forma parte de las protecciones que brinda dicho estatuto a los deudores y constituye una orden para cesar todas las gestiones de cobro, retención, embargo o ejecución de hipoteca contra una persona que ha solicitado acogerse a la protección de la ley de quiebras. *CMI Hospital v. Depto. Salud*, 171 DPR 313, 322 (2007).

La Sección 362(a) del Código de Quiebras enumera una serie de procedimientos contra el deudor o sus bienes instados ante cualquier foro judicial estatal o federal, ya sea tribunal de instancia o apelativo, que quedan automáticamente paralizados al presentarse una petición de quiebra:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment **obtained before the commencement of the case under this title**;

(3) any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate;

[…]

(4) any act to create, perfect, or enforce against property of the debtor any lien to the that such lien secures a claim **that arose before the commencement of the case under this title**;

(5) any act to collect, assess, or recover a claim against the debtor **that arose before the commencement of the case under this title**;

(7) the setoff of any debt owing to the debtor **that arose before the commencement of the case under this title** against any claim against the debtor [.]

[…]

11 USCA sec. 362 (Énfasis nuestro).

Como podemos ver, la paralización automática se da contra cualquier procedimiento instado o que se pudo haber instado en contra del deudor antes de la presentación de la solicitud de

quiebras o contra aquellos que buscan recobrar una reclamación contra el deudor que precede la petición de quiebras. Por lo tanto, ante el hecho de que la paralización automática surte efecto desde la presentación de la petición de quiebras sin la necesidad de una orden del tribunal al respecto, una vez esto ocurre los tribunales estatales pierden toda jurisdicción, por lo que, las actuaciones o determinaciones que se realicen o se emitan se considerarán inefectivas y nulas. *In re Bright*, 338 B.R. 530 (1er Cir.) (2006); *In re Soares*, 107 F.3d 969 (1er Cir.) (1997). Esta paralización estará vigente hasta tanto el caso finalice; se desestime; o, si el caso es uno presentado por un individuo al amparo del capítulo 7 o un caso bajo el capítulo 9, 11, 12 y 13 del Código de Quiebras, hasta que el descargo se conceda o se deniegue.  11 USCA sec. 362(c)(2).

### III.

Al examinar con detenimiento el expediente, en específico los documentos anejados en el alegato en oposición del matrimonio Rodríguez Otero, colegimos que no tenemos jurisdicción para atender el recurso de referencia.

Del expediente surge que, el 31 de marzo de 2021, el matrimonio González González presentó ante el Tribunal de Quiebras de los Estados Unidos, Distrito Sur de Florida, una petición bajo el Capítulo 13 del Código Federal de Quiebras, *Chapter 13 Voluntary Petition* (Caso Núm. 21-13181-RAM). De los documentos incluidos en el alegato en oposición, se desprende que dicho proceso aún no ha culminado. Este Tribunal toma conocimiento judicial sobre la petición de quiebra al amparo del Capítulo 13 del Código de Quiebras.

En virtud de la paralización automática que implica la presentación de una petición de quiebras, nos vemos impedidos

de atender los méritos del presente recurso, el cual versa precisamente sobre la participación en el caso como parte demandada del matrimonio González González.

**IV**.

Conforme lo anterior, se ordena el archivo administrativo del recurso presentado por los señores Julio Ángel Bonilla Vega y Julio César Eusebio Hernández contra los quebrados codemandados Bernard A. González, Ineabelle M. González Acevedo y la Sociedad Legal de Bienes Gananciales compuesta por ambos, reservándonos jurisdicción para decretar la reapertura de este en caso de que dicha paralización sea dejada sin efecto o hasta que por otro fundamento proceda continuar los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones