Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| GILBERT A. MALAVÉ CONCEPCIÓN<br><br>Recurrida<br><br>V.<br><br>ALPHA ONE SECURITY SOLUTIONS, INC.<br><br>Peticionario | KLCE202400468 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.:<br>CA2022CV02660<br><br>Sobre:<br>Acción Civil, Despido Injustificado; Discrimen por Edad |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2024.

Por los fundamentos que expondremos a continuación, nos vemos precisados a desestimar, por falta de jurisdicción, el recurso de epígrafe.

-I-

El 26 de abril de 2024 la peticionaria Alpha One Security Solutions, Inc., (en adelante la peticionaria) presentó un "*Recurso de Certiorari*" en el que solicitó que revisáramos una Resolución emitida el 1 de marzo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante TPI), en la que se denegó una Solicitud de Sentencia Sumaria presentada por la dicha parte.

Luego de ello, el 15 de mayo de 2024, el que fuera representante legal de la parte recurrida ante el foro primario presentó un escrito que denominó *Comparecencia Especial Para Informar Eventos y Situaciones Relevantes a este Recurso* en el que, en lo pertinente, comunicó que el 19 de marzo de 2024 la parte peticionaria presentó una acción bajo el Capítulo 7 del Código de

Quiebras Federal en la que informó que no contaba con activos que distribuir por lo que solicitó que tomáramos conocimiento de lo anterior y paralizáramos o desestimáramos el asunto por académico. En la alternativa, solicitó que le concediéramos treinta (30) días a la parte recurrida para comparecer y expresarse en los méritos.

Por su parte, el 21 de mayo de 2024 la representación legal de la parte peticionaria compareció nuevamente mediante escrito intitulado *Moción Informativa y en Solicitud de Orden de Paralización Por Quiebra* en el que informó que luego de que presentara el recurso que nos ocupa, advino en conocimiento de que el 19 de marzo de 2024 su cliente había presentado una petición ante el Tribunal de Quiebras y que inmediatamente dicho foro había emitido una orden de paralización. Ante dicha circunstancia, la peticionaria solicitó que emitiéramos una Orden decretando la paralización de los procedimientos ante este foro y ante el TPI.

-II-

-A-

La jurisdicción es el poder o autoridad que ostentan los tribunales para considerar y decidir los casos o controversias que tienen ante sí. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521 (2023); *Beltrán Cintrón y otros v. Estado Libre Asociado*, 2004 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Por esta razón, la falta de jurisdicción de un tribunal incide directamente sobre el poder del mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). En ese sentido, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank, supra.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Beltrán Cintrón y otros v. Estado Libre Asociado, supra*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Pérez Soto v. Cantera Pérez, Inc.* et al., 188 DPR 98, 105 (2013).

En lo aquí pertinente, la Regla 83 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que:

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

-B-

La quiebra es un procedimiento regido por el Código de Quiebras federal, 11 USCA sec.101 et seq., el cual constituye campo ocupado para evitar conflictos regulatorios entre la legislación federal y estatal. Const. EE. UU., Art. I, sec. 8, cl.4; *Marrero Rosado v. Marrero Rosado*, 178 DPR 476 (2010). La quiebra procura brindarle al deudor la oportunidad de reiniciar su vida financiera, a la vez que se protegen los intereses de los acreedores. *Allende Pérez v. García*, 150 DPR 892 (2000). Esto, mediante la paralización de las gestiones de cobro contra el deudor. Así las cosas, en *Marrero Rorado v. Marrero Rosado, supra*, el Tribunal Supremo, expresándose sobre el alcance de la paralización automática que opera una vez presentada una petición al amparo del Código de Quiebras señaló:

> La paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste. <u>Soares v. Brockton Credit Union</u>, 107 F.3d 969, 975 (1er Cir. 1997). Ésta impide, entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra. 11 U.S.C. sec. 362. Puede también impedir la ejecución de una sentencia previa o detener la creación, perfección o ejecución de un gravamen anterior a la interposición de la quiebra. Íd. Sus efectos se manifiestan desde que se presenta la petición de quiebra hasta que recae la sentencia final, y no se requiere una notificación formal para que surta efecto. <u>Jamo v. Katahdin Fed. Credit Union</u>, 283 F.3d 392, 398 (1er Cir. 2002). **Provoca también que los tribunales estatales queden privados de jurisdicción automáticamente, e incluso, es tan abarcadora que paraliza litigios que tienen poco o nada que ver con la situación financiera del deudor**. *3 Collier on Bankruptcy* sec. 362.03[3] (2009). (énfasis nuestro, citas omitidas)

-III-

El recurso ante nuestra consideración fue presentado por la parte peticionaria el 26 de abril de 2024, luego de que, mediante *Orden* de **25 de marzo de 2024** el TPI declarase no ha lugar una moción *Moción de Reconsideración* instada por dicha parte el **20 de**

**marzo de 2024** sobre la Resolución denegatoria de su solicitud de sentencia sumaria. Sin embargo, previamente, el **19 de marzo de 2024**, la propia parte peticionaria había obtenido una orden de paralización emitida por el *Clerk* del Tribunal de Quiebras. Ante dicha circunstancia, y cónsono con lo expresado por el Tribunal Supremo de Puerto Rico en el citado caso de *Marrero Rorado v. Marrero Rosado, supra,* desde ese momento el TPI estaba privado de jurisdicción para considerar y atender la *Moción de Reconsideración* pendiente ante sí, de lo que se deriva que su *Orden* de 25 de marzo fue dictada sin autoridad para ello.

Así las cosas, no nos encontramos ante una actuación revisable en este momento, y corresponderá al TPI considerar y atender los asuntos que se encontraban ante su atención al 19 de marzo de 2024, una vez reciba determinación oficial por parte del Tribunal de Quiebras que le permita readquirir jurisdicción sobre la controversia, de ello ser el caso.

-IV-

Por los fundamentos que anteceden, desestimamos, sin perjuicio, el recurso instado por la parte peticionaria, por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones