ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RICHARD CHARLES BROWN WOOD Y OTROS<br><br>Apelantes<br><br>v.<br><br>COSTA ISABELA PARTNERS, INC. Y OTROS<br><br>Apelados | KLAN202300910 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre:<br>Libelo, Calumnia o Difamación y Otros<br><br>Caso Número:<br>AG2021CV01546 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Martínez Cordero

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de julio de 2024.

Los apelantes, el señor Richard C. Brown Wood y la señora Maricarmen Gianati Medina, comparecen ante nos para que dejemos sin efecto la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de Aguadilla, el 11 de septiembre de 2023, notificada el 12 de septiembre de 2023. Mediante la misma, el foro primario desestimó una demanda sobre difamación, libelo, calumnia, invasión a la privacidad e intimidad y daños y perjuicios incoada en contra de, entre otros codemandados, los aquí apelados, el Alcalde de Isabela Miguel E. Méndez Pérez, Juan E. Castillo Aldarondo, y Anthony J. Nieves Hernández. Lo anterior, bajo el fundamento de prescripción de la acción.

Por los fundamentos que expenderemos a continuación, se confirma la *Sentencia Parcial* apelada.

**I**

El 19 de diciembre de 2021, los apelantes presentaron la *Demanda* original del caso de epígrafe en contra de las siguientes personas jurídicas y naturales: Royal Isabela, Inc., Costa Isabela

Master Association, Inc., Costa Isabela Partners, Inc., el señor Miguel Machado, su señora esposa, Érika Román Soto, la Sociedad Legal de Gananciales entre ambos compuesta, las Compañías Desconocidas "A", "B" y "C" y las Compañías de Seguro "1" "2" y "3". En esencia, indicaron ser residentes dentro de las facilidades de Royal Isabela, ello tras adquirir de la codemandada Costa Isabela Partners, Inc. un lote de terreno en el cual construyeron su propiedad identificada como La Villa de Golf Núm. 3. Conforme alegaron, toda vez su lugar de residencia estaba confrontando ciertos problemas de seguridad, personalmente solicitaron a la Sargento Maribel Riollano, oficial adscrita a la Policía Municipal de Isabela, que gestionara el pase de rondas preventivas en el interior del complejo Royal Isabela. Según sostuvieron, tras acontecido un incidente con un parapente en las inmediaciones de su lugar de residencia, en el mes de marzo de 2021, solicitaron a la Sargento Riollano que investigara el hecho. Expusieron que, desde ese momento, la Agente acudió en múltiples ocasiones a Royal Isabela para dar vigilancia preventiva, no solo para dar seguimiento al incidente, sino, también, por sentirse inseguros en el lugar.

En su demanda, los apelantes indicaron que, a pesar de que las rondas preventivas que la sargento Riollano efectuó en Royal Isabela respondían a fines legítimos de su trabajo, el codemandado Miguel Machado, en calidad de Director de Seguridad de Royal Isabela, presentó una querella municipal en contra de la Agente, bajo la alegación de que esta, de manera frecuente, acudía y permanecía en dicho complejo sin que se hubiese reportado querella que ameritara su presencia. Los apelantes añadieron que, como resultado de lo anterior, el municipio de Isabela inició una investigación en contra de la sargento Riollano, para la cual el codemandado Machado proveyó a la Policía Municipal las bitácoras de entrada y salida de Royal Isabela, así como videos de seguridad.

Al abundar, indicaron que, tras ciertas gestiones, el 9 de septiembre de 2021, el codemandado Machado remitió una carta al investigador asignado por el Municipio, notificando su intención de desistir de la querella que presentó en contra de la sargento Riollano. No obstante, afirmaron que este, continuó gestionando la investigación, toda vez su condición de legislador municipal.

Los apelantes alegaron que, dado a lo anterior, fueron sometidos a múltiples entrevistas sobre el asunto en disputa, así como a indagaciones de su vida, ello en cuanto a la existencia de algún tipo de vínculo entre ellos y la sargento Riollano. Al proseguir, expusieron que, el 2 de diciembre de 2021, la Agente recibió una notificación suscrita por el aquí apelado Alcalde Méndez Pérez, en la que se le notificó la formulación de cargos y la intención de imponerle medidas disciplinarias que podían acarrear su despido por acudir al complejo Royal Isabela para fines personales en horario de trabajo. A tenor con ello, se reafirmaron en que las alegaciones en contra de la sargento Riollano eran falsas y difamatorias, particularmente con relación a ellos. De igual modo, sostuvieron que la actuación del codemandado Machado lesionó su derecho a la intimidad. De este modo, bajo la afirmación de que lo antes expuesto les causó severos daños y angustias mentales, solicitaron al Tribunal de Primera Instancia que declarara con lugar su demanda y, en consecuencia, les concediera una partida de $500,000.00, respectivamente, por concepto de la referida partida.

Así las cosas, y tras acontecidas varias incidencias propias a la tramitación del caso, particularmente relacionadas al descubrimiento de prueba, el 11 de enero de 2023, los apelantes presentaron una *Demanda Enmendada.* En virtud de la misma, incluyeron, por primera vez, como demandados en el pleito al Municipio de Isabela, y a los aquí apelados, Alcalde Méndez Pérez, Juan E. Castillo Aldarondo, Capitán de la Policía, y Anthony J.

Nieves Hernández, Investigador de la Policía Municipal de Isabela. En esencia, alegaron que los apelados fueron negligentes en el descargo de sus respectivas funciones, ello con relación a la controversia objeto de litigio. En particular, en cuanto al Alcalde Méndez Pérez, alegaron que este no actuó con la diligencia debida ante la situación, toda vez que no tomó acción alguna sobre su reclamo por violación a sus derechos, así como, tampoco, supervisó adecuadamente a los miembros de la Policía Municipal involucrados en el asunto. Por su parte, en cuanto al apelado Castillo Aldarondo, adujeron que este incumplió con tomar la acción debida luego de que se le notificara el desistimiento de la querella en contra de la sargento Riollano, toda vez que, pese a ello, requirió las grabaciones y documentos que estaban bajo custodia del investigador asignado. Sobre el apelado Nieves Hernández, los apelantes afirmaron que sus gestiones constituyeron una violación a su derecho a la intimidad, una intromisión a su vida familiar y una actuación lesiva a su honra y reputación. Así, y tras sostenerse en sus alegaciones originales, se reiteraron en su súplica.

El 26 de febrero de 2023, el Municipio y el apelado Alcalde Méndez Pérez, ello en su carácter oficial, presentaron una *Moción de Desestimación a Demanda Enmendada.* En el pliego, expusieron la defensa de falta de notificación al Estado de su intención de demandar, todo dentro del término legal establecido por el estado de derecho. Por igual, levantaron la defensa de incuria y de prescripción extintiva, toda vez que los hechos que motivaron la reclamación en su contra ocurrieron en el año 2021 y la *Demanda Enmendada* se promovió en el año 2023. Así, solicitaron se proveyera para la desestimación correspondiente. Luego de ciertos trámites, mediante *Resolución* del 11 de abril de 2023, el Tribunal de Primera Instancia denegó la desestimación peticionada.

Por su parte, en lo aquí atinente, el 26 de mayo de 2023, los aquí apelados, en su capacidad personal, presentaron un escrito intitulado *Comparecencia Especial en Solicitud de Desestimación.* En esta ocasión, expusieron ante el foro primario que los últimos hechos alegados por los apelantes en su *Demanda Enmendada* hacían referencia al 14 de diciembre de 2021, fecha en la que estos indicaron haber remitido una misiva al apelado Alcalde Méndez Pérez, expresando su inconformidad con la intervención de los oficiales designados al caso, así como con la continuación del curso de los trámites pese a haberse desistido la querella. A tenor con ello, expresaron que, siendo una reclamación sobre daños y perjuicios extracontractuales, y habiéndose radicado la *Demanda Enmendada* el 11 de enero de 2023, ello a más de un año de la antedicha fecha, resultaba forzoso concluir que operó la figura de la prescripción. Así, y tras levantar, por igual, la defensa de inmunidad condicionada, los apelados solicitaron la desestimación del pleito de autos, toda vez que, aun dando por correctos los hechos alegados, los apelantes no tenían derecho a reclamar en su contra.

El 23 de junio de 2023, los apelantes presentaron su *Oposición a Comparecencia Especial en Solicitud de Desestimación.* Expusieron que, contrario a lo aducido por los apelantes, el término prescriptivo de la acción no había decursado, toda vez que, por la naturaleza del evento, sus daños eran *continuados.* Así, se reafirmaron en que, no habiendo ocurrido el último de los daños, y toda vez su carácter ininterrumpido, no había iniciado el plazo prescriptivo.

El 12 de septiembre de 2023, el Tribunal de Primera Instancia notificó la *Sentencia Parcial* aquí apelada. En virtud de la misma, acogió los planteamientos que sobre prescripción de la acción expusieron los apelados, y concluyó que, en efecto, los apelantes carecían de una causa de acción judicialmente reclamable. El

tribunal sentenciador aclaró que, contrario a lo aducido por los apelantes, los daños objeto de la *Demanda Enmendada*, no eran de carácter continuado. Sobre dicho particular, expresó que lo trascendental en la calificación de un daño como continuado o sucesivo, era el acto u omisión en sí y no, necesariamente, la lesión sufrida. A tenor con ello, dispuso que, según resuelto por la jurisprudencia vigente, los casos de difamación son clasificados como unos de daños sucesivos, por lo que, los mismos se producían en intervalos finitos de tiempo y no con efecto acumulativo como los continuados. De esta forma, el Tribunal de Primera Instancia, expresó que, por no operar la figura de los daños continuados, a la causa de acción de los apelantes le era de aplicación el término prescriptivo de un año desde que supieron, o debieron haber sabido del daño y de su causante. Así, dispuso que dado a que no los incluyó en la demanda original en el año 2021, el plazo pertinente nunca se interrumpió respecto a estos, por lo que, no pudiendo retrotraerse, a dicha fecha, la enmienda a la demanda del año 2023, la reclamación de epígrafe prescribió en cuanto a sus personas.

Inconformes, el 12 de octubre de 2013, los apelantes comparecieron ante nos mediante el presente recurso de apelación. En el mismo, formulan el siguiente señalamiento:

> Erró manifiestamente el Tribunal de Primera Instancia al desestimar la demanda contra los codemandados Miguel Enrique Méndez Pérez, Juan Enrique Castillo Aldarondo, y Anthony Jerry Nieves Hernández.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a resolver.

## II

### A

La prescripción extintiva es un instituto propio de derecho civil en materia sustantiva, que está intrínsecamente atada al

ejercicio del derecho que se pretende vindicar. *Vera v. Dr. Bravo,* 161 DPR 308, 321 (2004); *Campos v. Cía. Fom. Ind.,* 153 DPR 137, 143 (2001). Nuestro ordenamiento jurídico reconoce que su aplicación es cónsona al principio de celeridad, por lo que responde al ideal de un sistema de adjudicación expedito. Si bien la prescripción pretende estimular el pronto ejercicio de las acciones, evitando, de este modo, la incertidumbre en las relaciones jurídicas, lo cierto es que, de igual forma, sirve para castigar la desidia del titular de determinado derecho al no reclamar oportunamente su vindicación. *SLG Haedo-López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019); *García Pérez v. Corp. Serv. Mujer,* 174 DPR 138, 147 (2008). A tenor con ello, el Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481, establece que "[l]a prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo". A su vez, el aludido artículo añade que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley". *Íd.*

Distinto a la figura de la caducidad, la prescripción permite interrupción en su curso. A tales fines, se reconoce que existen tres (3) formas concretas de interrumpir la prescripción, a saber: (1) la presentación de la acción judicial correspondiente, (2) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor, o (3) el reconocimiento de la obligación por parte del deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo. Art. 1197, Código Civil, 31 LPRA sec. 9489; *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., y otros*, 2024 TSPR 10, 213 DPR ___ (2024); *Nevárez Agosto v. United Surety et al.,* 209 DPR 346, 356 (2022). En ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que establece la Ley. *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067

(2020). A tenor con dicha premisa el estado de derecho reitera la finalidad jurídica de la figura de la prescripción como sigue:

> Al fijar un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba.

*Íd.,* pág. 1068.

**B**

Por su parte, el Artículo 1204 (a) del Código Civil de Puerto Rico, 31 LPRA sec. 9496(a), dispone que la reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de un año desde que la persona agraviada conoce la existencia del daño y quién se lo causó. Ello, es reconocido en nuestro ordenamiento civil como la *teoría cognitiva del daño.* Mediante la misma, se precisa el momento desde el cual un perjudicado puede ejercitar su causa de acción. *Mun. De San Juan v. Bosque Real, S.E.,* 158 DPR 743, 774 (2003). Como corolario de lo anterior, nuestro ordenamiento jurídico reconoce que se hace preciso contar con todos los elementos necesarios para presentar la correspondiente reclamación judicial, siempre que el interesado, de buena fe y no por falta de diligencia atribuible a su persona, desconozca que tiene derecho a hacerla valer. *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 374 (2012); *COSSEC et al. v. González López et al.,* 179 DPR 793, 806 (2010); *Allende Pérez v. García,* 150 DPR 892, 904 (2000); *Vega v. J. Pérez & Cía., Inc.,* 135 DPR 746, 754 (1994). De este modo, quien afirme que la ocurrencia del daño data de una fecha distinta a aquella en la que se produjo el acto culposo o negligente que lo causó, está obligado a demostrar el momento en el que efectivamente advino a su conocimiento. *Rivera Encarnación v. E.L.A.,* 113 DPR 383, 385 (1982).

Ahora bien, la tarea de establecer el momento exacto desde el cual el término de un año antes aludido habrá de transcurrir, está necesariamente supeditada a la naturaleza del daño alegado. En lo aquí pertinente, el estado de derecho distingue el término prescriptivo de los daños continuados y los daños sucesivos. En particular, son daños continuados:

> [...] aquéllos producidos por uno o más actos culposos o negligentes imputables al actor, coetáneos o no, que resultan en consecuencias lesivas ininterrumpidas, sostenidas, duraderas sin interrupción, unidas entre sí, las cuales, al ser conocidas, hacen que también se conozca –por ser previsible- el carácter continuado e ininterrumpido de sus efectos, convirtiéndose en ese momento en un daño cierto compuesto por elementos de daño actual (aquél que ya ha actuado) y el daño futuro y previsible y por tanto cierto.
>
> *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 167 (2007), citando a *Galib Frangie v. El Vocero de P.R.,* 138 DPR 560, 575 (1995).

Al respecto, se reconoce que la esencia de la doctrina de los daños continuados radica en el carácter continuo o progresivo de su causa, es decir, del acto u omisión torticero que los origina. *Rivera Ruiz et al. v. Mun. de Ponce, et al.,* 196 DPR 410, 418 (2016). A tenor con ello, la norma actual ha aclarado que el término prescriptivo aplicable para solicitar su debido resarcimiento comienza a transcurrir cuando "se verifiquen los últimos actos u omisiones o se produzca el resultado definitivo, lo que sea posterior". *Íd.*, pág. 426.

Por otro lado, los daños sucesivos se definen como sigue:

> [...] aquella secuencia de reconocimientos de consecuencias lesivas por parte del perjudicado, las que se producen y manifiestan periódicamente, o aun continuamente, pero que se van conociendo en momentos distintos entre los que medió un lapso de tiempo finito, sin que en momento alguno sean previsibles los daños subsiguientes, ni sea posible descubrirlos empleando diligencia razonable. [...].
>
> *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 168.

En los daños sucesivos, cada lesión a causa de un acto u omisión culposa o negligente produce un daño distinto que, a su vez, genera una causa de acción independiente. *Rivera Ruiz et al. v.*

*Mun. De Ponce, et al.,* supra, pág. 417. Por tanto, "el término prescriptivo para el ejercicio de cada una de ellas comienza a contar en el momento en que el daño se manifiesta y el perjudicado tiene conocimiento de él". *Íd.* Así, si el perjudicado presenta su acción transcurrido más de un año del acto dañoso original, la misma se limitará a los daños ocurridos durante el último año únicamente. *Íd.*

**III**

En la presente causa, los apelantes plantean que el Tribunal de Primera Instancia erró al desestimar su causa de acción bajo el fundamento de prescripción de la acción. En apoyo a su contención, se reafirman en que los daños alegados en su demanda son de carácter continuado, ello por derivarse de actuaciones lesivas a su dignidad cuyo efecto aún persiste. Habiendo examinado su planteamiento a la luz de los hechos establecidos y el derecho aplicable, resolvemos confirmar el dictamen apelado.

Un examen del expediente que nos ocupa mueve nuestro criterio a concluir que el ejercicio adjudicativo desplegado por el Tribunal de Primera Instancia es uno cónsono con el derecho y la prueba. Tal cual resuelto, los apelantes carecen de una causa de acción judicialmente reclamable en contra de los apelados, toda vez que su inclusión como demandados en el pleito, se produjo en exceso del término prescriptivo dispuesto para la causa de acción promovida. Surge de los documentos de autos que la demanda original de caso se presentó el 19 de diciembre de 2021. La misma se fundamentó en la reclamación de daños y perjuicios extracontractuales por alegados actos constitutivos de difamación y negligencia atribuidos a los apelados, causa de acción para cuya ejecución el estado de derecho establece un plazo prescriptivo de un año desde que se supo, o se debió conocer, del daño y de su causante. Sin embargo, pese a que, en la demanda original, los

apelantes aludieron a una investigación como la causa de los agravios aducidos, no fue sino hasta el 11 de enero de 2023 que incluyeron como demandados a las personas alegadamente involucradas en la ejecución de la misma. Ciertamente, esta actuación tardía suprimió su derecho a reclamar, toda vez que, conforme afirman los apelados, en la *Demanda Enmendada* expresamente se indica que el último de los hechos por los cuales se originó la reclamación de epígrafe ocurrió el 14 de diciembre de 2021. Siendo así, de interesar reclamar en contra de los apelados en su carácter personal, los apelantes estaban llamados a traerlos al pleito dentro del año siguiente a dicha fecha. Por tanto, habiendo actuado de conformidad a cerca de dos años desde la misma, forzoso es concluir que su causa de acción prescribió, teniendo ello el efecto de que su derecho, si alguno, se extinguiera.

En el ánimo de prevalecer, los apelantes afirman que la norma de la prescripción de la acción no es de aplicación al caso de marras, toda vez que catalogan los daños reclamados como *continuados*. Sin embargo, coincidimos con la sala sentenciadora en cuanto a que, en dicha calificación, la conducta lesiva, y no el efecto de la misma, es el criterio que permite calificar un daño como continuado. Siendo de este modo, corresponde sostener la conclusión en cuanto a que la reclamación de epígrafe está sujeta a lo expresamente dispuesto en el Artículo 1204 del Código Civil, *supra.* Por tanto, por haberse reclamado en contra de los apelados, en su carácter personal, en exceso del año dispuesto, ello mediante su inclusión tardía en el pleito mediante *Demanda Enmendada* del 11 de enero de 2023, su causa de acción prescribió.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones