Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CATHERINE FÉLIX DÍAZ<br><br>Recurrido<br><br>v.<br><br>MAPFRE-PRAICO INSURANCE COMPANY Y OTROS<br><br>Peticionario | KLCE202400369 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre:<br>Daños y Perjuicios<br><br>Caso Número:<br>CA2022CV03754 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos la Autoridad de Acueductos y Alcantarillados y su compañía aseguradora MAPFRE-PRAICO Insurance Company (en adelante, parte peticionaria), mediante el recurso de *certiorari* y nos solicita que dejemos sin efecto una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Carolina, el 5 de febrero de 2024, notificada el 7 del mismo mes y año. Mediante la misma, el foro primario declaró *No Ha Lugar* una solicitud de desestimación por prescripción presentada por la parte peticionaria. Ello, dentro de una acción de daños y perjuicios, incoada por la recurrida, Catherine Félix Díaz.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 18 de noviembre de 2022, la recurrida presentó una *Demanda* en contra del Municipio de Carolina, su compañía aseguradora MAPFRE-PRAICO Insurance Company, y del Estado Libre Asociado de Puerto Rico, por sí y en representación del Departamento de Transportación y Obras Públicas. En el pliego,

alegó que, el 5 de diciembre de 2021, iba transitando en su motora, en dirección de oeste a este, cuando cayó en un hoyo en la Carretera 8860, frente al garaje de gasolina Gulf, en el Municipio de Carolina. Según indicó, al caer en el referido hoyo, su motora se levantó, salió expulsada y cayó al pavimiento, recibiendo serias lesiones corporales.[1] Aseveró que el mencionado accidente se debió, única y exclusivamente a la negligencia de los demandados, quienes no colocaron aviso de que en el lugar había una condición peligrosa. Sostuvo que, como consecuencia del antedicho accidente, sufrió daños físicos, los cuales cuantificó en setenta y cinco mil dólares ($75,000.00), padeció de intensas angustias mentales, por las cuales estimó se le debía compensar con no menos de quince mil dólares ($15,000.00). Además, informó que su motora tuvo unos daños, los cuales ascendían, aproximadamente, a tres mil dólares ($3,000.00). En virtud de lo anterior, suplicó al tribunal de instancia que condenara a los demandados a pagar solidariamente las sumas reclamadas, más interés, costas y una suma razonable por concepto de honorarios de abogado.

Tras varias incidencias procesales, el 27 de junio de 2023, la parte recurrida solicitó enmendar su demanda para aclarar el lugar exacto en el cual ocurrió el aludido accidente. Alegó que, ese mismo día, realizó una inspección ocular en el lugar del referido accidente, y se percató que el mismo no aconteció en la Carretera 8860. Según detalló, el accidente ocurrió en una calle secundaria a la antedicha carretera, cuyo nombre aparecía como Condominio Paseo de Monteflores, Camino Agapito Salamán, Carolina, Puerto Rico.

Posteriormente, el 18 de septiembre, la parte recurrida solicitó por segunda ocasión enmendar su demanda. En el escrito, señaló que, el 7 de agosto de 2023, recibió una misiva de parte del

---

[1] Apéndices del recurso, pág. 11.

Municipio de Carolina, mediante la cual se le informó que el lugar en el cual aconteció el aludido accidente había sido impactado por la Autoridad de Acueductos y Alcantarillados, previo a la fecha en que ocurrieron los hechos que nos ocupa. Según se esbozó, ello creó una condición de peligrosidad, lo cual provocó el accidente.[2] En virtud de ello, peticionó al tribunal que permitiera enmendar la demanda para incluir a la Autoridad de Acueductos y Alcantarillados (en adelante, AAA) como parte demandada.

Examinada la moción, el 20 de septiembre de 2023, el tribunal de instancia autorizó la antedicha enmienda y expidió los emplazamientos correspondientes.[3]

Así las cosas, el 11 de diciembre de 2023, la parte peticionaria contestó la demanda. Afirmó que el responsable del accidente era el Municipio de Carolina. Además, sostuvo que las personas que transitan por las vías públicas deben observar la precaución y el cuidado que se espera de una persona de regular inteligencia para evitar accidentes. Entre sus defensas afirmativas, alegó que la causa de acción en su contra estaba prescrita.

El 16 de enero de 2024, la parte peticionaria incoó una *Solicitud de Desestimación por Prescripción.* En la misma, detalló que el accidente relatado en el presente caso ocurrió el 5 de diciembre de 2021, por lo que el término prescriptivo para presentar una acción judicial había vencido el 5 de diciembre de 2022. Aseveró que, durante el referido periodo, la parte recurrida no presentó ninguna reclamación judicial, ni extrajudicial, que tuviera el efecto de interrumpir el término prescriptivo en cuestión. Por otra parte, aunque reconoció que, según el ordenamiento jurídico civil vigente, el término prescriptivo comienza a transcurrir cuando el reclamante

---

[2] Apéndice de recurso, pág. 25.
[3] Véase, *Sistema Unificado de Manejo y Administración de Casos,* entrada núm. 30.

conoce o debe conocer que sufrió un daño y quién los causó, sostuvo que si el desconocimiento se debe a la falta de diligencia del reclamante, no se aplaza el término prescriptivo. Así, alegó que durante un (1) año y nueve (9) meses, la parte recurrida se había cruzado de brazos y no había realizado ninguna investigación conducente para conocer quién le había causado el daño. Por ello, le peticionó al tribunal primario que declarara con lugar la solicitud de desestimación, por estar prescrita la acción.

El 5 de febrero de 2024, la parte recurrida se opuso a la desestimación. Particularmente, señaló que, el 3 de agosto de 2022, remitió una misiva al Municipio de Carolina, notificándole los daños sufridos el 5 de diciembre de 2021. Sostuvo que, el 27 de octubre de 2022, Mapfre, en calidad de aseguradora del Municipio, acusó recibo de la referida carta, cuyo contenido, sostuvo, nada expresó sobre la posibilidad de que la AAA fuese responsable de lo acontecido. Al respecto, destacó, por igual, que, en su contestación a la demanda, el Municipio tampoco presentó como defensa que la carretera en disputa estaba bajo la jurisdicción y control de la AAA. Al abundar, expuso que no fue, sino, hasta el 7 de agosto de 2023 que advino en conocimiento de la participación de la AAA en la producción de sus daños, toda vez que, en dicha fecha, y como parte de la etapa del descubrimiento de prueba, Mapfre le remitió una carta en la que, por primera vez, indicó que la AAA era la responsable de los trabajos que afectaron la carretera en la que se accidentó. La parte recurrida indicó que, dado a ello, el 18 de septiembre de 2023, presentó una Segunda Demanda Enmendada a los fines de incluir a la AAA en el pleito como parte demandada, por lo que, afirmó, al amparo de la teoría cognoscitiva del daño, su causa de acción no estaba prescrita. En virtud de ello solicitó al Tribunal de Primera Instancia que denegara la desestimación peticionada.

Evaluados los escritos, el 5 de febrero de 2023, notificada el 7 del mismo mes y año el foro primario emitió una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de desestimación por prescripción. Concluyó que la parte recurrida advino en conocimiento de que la AAA fue quien le ocasionó los daños, el 7 de agosto de 2023, mediante la misiva enviada por parte del Municipio de Carolina. Así, concluyó que como la parte recurrida disponía hasta el 6 de agosto de 2024 para presentar la demanda en contra de la AAA, y la había incoado previo a esa fecha, entiéndase, el 18 de septiembre de 2023, la causa de acción en contra de la AAA no estaba prescrita. [4]

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 1 de abril de 2024, la parte peticionaria acudió ante esta Curia mediante el presente recurso. En el mismo, formuló el siguiente planteamiento:

> Erró el Honorable Tribunal de Primera Instancia (TPI) al declarar *No Ha Lugar* la solicitud de desestimación por prescripción presentada por la AAA.

Luego de examinar el expediente ante nuestra consideración, procedemos a expresarnos.

**II**

**A**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al.*

---
[4] Apéndice del recurso pág. 84.

*v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros

primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al. v. ACBI et al.*, supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *García v. Asociación*, 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho

irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al. v. ACBI et al.*, supra, pág. 736.

**B**

La prescripción extintiva es un instituto propio de derecho civil en materia sustantiva, que está intrínsecamente atada al ejercicio del derecho que se pretende vindicar. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR __ (2023); *Maldonado Rivera v. Suárez,* 195 DPR 182, 192 (2016)*; Vera v. Dr. Bravo,* 161 DPR 308, 381 (2004); *Campos v. Cía Fom. Ind.,* 153 DPR 137, 143 (2001); *Olmo v. Young & Rubicam of P.R., Inc.,* 110 DPR 740, 742 (1981). Nuestro ordenamiento jurídico reconoce que su aplicación es cónsona al principio de celeridad, por lo que responde al ideal de un sistema de adjudicación expedito. Si bien la prescripción pretende estimular el pronto ejercicio de las acciones, evitando, de este modo, la incertidumbre en las relaciones jurídicas, lo cierto es que, de igual forma, sirve para castigar la desidia del titular de determinado derecho al no reclamar oportunamente su vindicación. Así pues, esta figura pretende evitar la extensión indefinida e innecesaria de la protección del poder público, dando paso a que opere una presunción legal de abandono, cuando el término legal dispuesto para una acción en específico transcurra sin que medie gestión alguna por parte de su acreedor. *Birriel Colón v. Econo y otros*, supra; *González v. Wal-Mart, Inc.,* 147 DPR 215, 216 (1998); M. Albaladejo, *Derecho Civil*, Barcelona, Ed. Bosch, 1989, T. I, Vol. 2, pág. 496.

Por su parte, el Artículo 1204 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, 31 LPRA sec. 9496, dispone que las acciones para exigir responsabilidad civil por las obligaciones extracontractuales derivadas de la culpa o la negligencia prescriben por el transcurso de un año, contados desde que la persona agraviada conoce la existencia del daño y quien lo causó. Cónsono

con la *teoría cognitiva del daño*, nuestro ordenamiento jurídico reconoce que se hace preciso contar con todos los elementos necesarios para presentar la correspondiente reclamación judicial, siempre que el interesado, de buena fe y no por falta de diligencia atribuible a su persona, desconozca que tiene derecho a hacerla valer. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *COSSEC v. González López*, 179 DPR 793, 806 (2010); *Allende Pérez v. García*, 150 DPR 892, 904 (2000); *Vega v. J. Pérez & Cía. Inc.,* 135 DPR 746, 755 (1994). De este modo, quien afirme que la ocurrencia del daño data de una fecha distinta a aquélla en la que se produjo el acto culposo o negligente que lo causó, está obligado a demostrar el momento en el que efectivamente advino a su conocimiento. *Rivera Encarnación v. E.L.A.,* 113 DPR 383, 385 (1982).

### III

La parte peticionaria sostiene que el tribunal primario erró al declarar sin lugar su solicitud de desestimación por prescripción.

Un examen del expediente de autos no mueve nuestro criterio a intervenir con lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos sugiere que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de la discreción que le asiste en el manejo de los procedimientos que atiende, de modo que competa soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones.

Tal cual reseñado, según la teoría cognoscitiva del daño, el término prescriptivo comienza a decursar desde que la persona agraviada conoce de la existencia del daño y quién lo causó. Consta del expediente que el Municipio de Carolina conocía del accidente relatado desde el 3 de agosto de 2022. Sin embargo, no fue hasta el

7 de agosto de 2023, que le informó a la parte recurrida, a través de una misiva, que el responsable del accidente era la AAA.

En mérito de lo antes expuesto y amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. La prueba de autos no evidencia falta alguna atribuible al tribunal primario, de modo que resulte meritorio imponernos sobre lo resuelto.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.　La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones