Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| GREGORIO MEJÍAS VELÁZQUEZ Y OTROS<br><br>Recurrido<br><br>v.<br><br>JOSÉ A. CRUZ RIVERA<br><br>Peticionario<br><br>v.<br><br>JOSÉ ARNALDO BATISTA CARRILES<br><br>Tercero Demando-Recurrido | TA2026CE00050 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Sobre: Incumplimiento de Contrato<br><br>Caso Núm. LP2022CV00041 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante nos, José A. Cruz Rivera (en adelante, señor Cruz Rivera o apelante), y nos solicita que dejemos sin efecto una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de Humacao, el 24 de noviembre de 2025, notificada el día 25 del mismo mes y año. Mediante la misma, el foro primario desestimó una demanda contra tercero incoada en contra del apelado, José Arnaldo Batista Carriles (en adelante, señor Batista Carriles o apelado). Lo anterior, dentro de una acción civil de desahucio en precario y cobro de dinero.

Por recurrir de una *Sentencia Parcial,* el recurso apropiado para atender el presente asunto es la apelación, conforme a lo dispuesto en la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3 y la Regla 13 (A) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR

14,1 pág. 23, 216 DPR __ (2025).  Por tanto, se acoge el recurso como una apelación, y se confirma la sentencia parcial apelada.

**I**

El 17 de marzo de 2022, el señor Gregorio Mejías Velázquez, la señora Rosa María Cuadrado Nieves y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, los demandantes), presentaron la demanda de epígrafe.[1] En síntesis, alegaron que el 13 de septiembre de 2018, suscribieron un contrato de arrendamiento y opción de compraventa con el señor Cruz Rivera. Conforme adujeron, las partes perfeccionaron un contrato de opción de compraventa sobre un inmueble por la suma de setecientos mil dólares ($700,000.00).  Surge del pliego, que las partes estipularon un depósito para ejercer la referida opción por la cantidad de quince mil dólares ($15,000.00), monto que sería acreditado en su totalidad al precio de la venta. A su vez, indicaron que, como parte de las condiciones pactadas, arrendaron el inmueble objeto de controversia por el término de tres (3) años, por un canon mensual de tres mil dólares ($3,000.00). Según sostuvieron, el cincuenta por ciento (50%) del canon de arrendamiento mensual sería acreditado al precio de la compraventa.

En el pliego se alegó, por igual, que el contrato suscrito entre las partes había vencido, y que el señor Cruz Rivera no había ejercido la opción de compraventa, según pactada.  Por tal motivo, le solicitaron extrajudicialmente al apelante que desalojara la propiedad objeto de controversia, requerimiento que alegaron fue infructuoso. Según plantearon, el apelante adeudaba una suma de diez mil quinientos dólares ($10,500.00) en concepto de cánones de arrendamiento vencidos.  Conforme a sus alegaciones, solicitaron al foro primario que le ordenara al apelante desalojar la propiedad, así

---

[1] Apéndice del recurso, entrada núm. 1, págs. 1-4.

como que pagara la suma adeudada, más la cantidad de dos mil quinientos dólares ($2,500.00) en concepto de costas, gastos y honorarios de abogado.

Transcurridos varios asuntos procesales, y en lo aquí atinente, el 13 de noviembre de 2024, el apelante presentó una demanda contra el señor Batista Carriles intitulada *Demanda Enmendada.*[2] En la misma, adujo que el apelado incurrió en incumplimiento contractual al momento en que suscribió verbalmente con los demandantes un contrato de corretaje mediante mandato, relacionado a la opción de compraventa pactada en el año 2018. Según alegó, a través del referido contrato, se dispuso que el apelado devengaría una comisión por sus servicios. Señaló que, los demandantes le otorgaron al apelado, una autorización única y exclusiva para representarlo en la negociación del inmueble objeto de controversia. A su vez, afirmó, que el apelado no le entregó copia del contrato suscrito. Sostuvo, además, que no estaba obligado a pagar comisión alguna al apelado, por su intervención como intermediario en la transacción comercial del inmueble objeto de controversia.

El apelante adujo, que el apelado evadió contestar llamadas durante el periodo dispuesto para ejercer la opción de compraventa. Señaló por igual, que el señor Batista Carriles y los demandantes dejaron de comunicarse con él, con el propósito de obligarlo a renegociar el precio de venta previamente acordado. En cuanto a ello, arguyó que dicha conducta demostró mala fe por parte del apelado y los demandantes, con el fin de impedir que él adquiriera el inmueble objeto de controversia. Planteó, por igual, que el incumplimiento del apelado, al no informar a los demandantes la existencia de un financiamiento alterno para adquirir la referida

---

[2] *Íd.*, Entrada Núm. 162, págs. 1-7.

propiedad, lo hacía solidariamente responsable por los daños sufridos. A su vez, alegó que el apelado, junto con los demandantes, incurrieron en conducta dolosa, negligente y/o intencional, en perjuicio del contrato de opción conocido por ambos, por lo que respondían solidariamente al apelante.

En adición, el apelante realizó unos señalamientos extracontractuales en su demanda. En lo pertinente, alegó que le había entregado al apelado la suma de quince mil dólares ($15,000.00) para ejercer la opción de compraventa, monto, que según sus alegaciones, no fue depositado en la cuenta plica. Sobre ello, el apelante solicitó la restitución del referido depósito, pues según expresó, tanto los demandantes como el apelado conocían que el Banco Popular de Puerto Rico le había denegado el financiamiento. Arguyó, además, que el señor Batista Carriles había falsificado documentos notariales, lo que, a su entender, implicaba que el contrato de opción de compraventa presentado por éste era falso. Así, sostuvo que tales actuaciones se realizaron en contravención con lo dispuesto en la *Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico*, Ley Núm. 10 de 26 de abril de 1994, 20 LPRA sec. 3054 (en adelante, Ley Núm. 10).

A tenor con sus alegaciones, el apelante solicitó al Tribunal de Primera Instancia, que ordenara el cumplimiento específico del contrato de compraventa celebrado entre los demandantes y el señor Cruz Rivera. Peticionó que se impusiera al señor Batista Carriles el pago de quince mil dólares ($15,000.00) por haber incumplido con su obligación de depositar en la cuenta plica el monto correspondiente de la opción de compraventa. Además, el apelante reclamó que se le ordenara al apelado y a los demandantes a pagar una suma no menor de veinte mil dólares ($20,000.00) por concepto de costas, gastos y honorarios de abogado. Por último, el apelante

requirió el pago dado como opción de compraventa, junto con el interés legal que la referida suma hubiese devengado.

En respuesta, el 19 de abril de 2025, el apelado presentó *Moción de Desestimación de la Demanda Contra Tercero*.[3] En su defensa, alegó que el apelante había presentado una demanda frívola, temeraria y defectuosa, toda vez que habían transcurrido treinta y seis (36) meses de haberse instando la demanda original. Por igual, sostuvo que la demanda en su contra debía ser desestimada por la inexistencia de alegaciones que justificaran la concesión de un remedio, conforme a la Regla 10.5 de Procedimiento Civil 32 LPRA Ap. V, R. 10.2(5). En específico, planteó: (1) incumplimiento con el estándar de plausibilidad; (2) inexistencia de relación contractual u obligación legal alguna por parte del tercero demandado con los términos y condiciones del contrato objeto de controversia; (3) falta de jurisdicción al amparo con las disposiciones de la Ley Núm. 10, *supra*; y, (4) que la acción de daños extracontractuales estaba prescrita.

Al abundar, el apelado adujo que el señor Cruz Rivera se limitó a formular alegaciones genéricas, carentes de hechos concretos y específicos. En particular, sostuvo que el planteamiento formulado por el apelante, en cuanto a que el apelado y los demandantes "incurrieron en conducta dolosa, negligente y/o intencional en perjuicio del contrato de opción vigente conocido por ambos, por lo que eran solidariamente responsables a la parte compareciente", era una alegación conclusoria.

Por otra parte, referente a las alegaciones de incumplimiento contractual, el apelado sostuvo que no formó parte del contrato de opción de compraventa entre los demandantes y el apelante. Señaló, además, que no se había pactado comisión alguna a su

---

[3] *Íd.*, Entrada Núm. 193, págs. 1-17.

favor. Añadió que fue el propio apelante quien consintió que los demandantes actuaran como custodio del depósito de la opción de compraventa en controversia. A su vez, planteó que el Departamento de Asuntos del Consumidor (en adelante, DACo) era la entidad con jurisdicción primaria para atender este tipo de casos.

En lo concerniente a la causa de acción por daños extracontractuales, el apelado sostuvo que la reclamación instada en su contra estaba prescrita, toda vez que la *Demanda Enmendada* fue presentada luego de transcurrido el término prescriptivo. Así pues, el apelado planteó que la demanda contra tercero no exponía la reclamación que justificara un remedio. Señaló que, aun tomando como ciertas todas las alegaciones fácticas contenidas en la referida demanda, resultaba evidente la inexistencia de un derecho a remedio alguno. Por todo lo anterior, solicitó que se desestimara la demanda en su contra, se le impusieran severas sanciones al apelante y solicitó una suma no menor de dos mil quinientos dólares ($2,500.00) de pago de honorarios de abogado.

Tras la presentación de cuatro mociones de desestimación incoadas por el apelado, y luego de haberse concedido varias oportunidades para que el apelante sometiera su oposición a dichas solicitudes, el 18 de noviembre de 2025, el señor Batista Carriles presentó escrito intitulado *Quinta Moción en Solicitud de Desestimación de la Demanda Contra Tercero, Sin Oposición.*[4] Mediante la misma, planteó que el apelante no había presentado oposición a la solicitud de desestimación, a pesar de que el foro primario le había concedido múltiples prórrogas para que se pronunciara. Por ello, le reiteró al Tribunal de Primera Instancia que desestimara la *Demanda Enmendada* instada contra el apelado. A su vez, solicitó la imposición de severas sanciones al apelante y la

---

[4] *Íd.*, Entrada Núm. 236, págs. 1-2.

concesión al apelado de una suma no menor de tres mil quinientos dólares ($3,500.00) por concepto honorarios de abogados.

Evaluadas las solicitudes de desestimación y sin contar con una oposición, el 24 de noviembre de 2025, el Tribunal de Primera Instancia dictó la *Sentencia Parcial* que nos ocupa. En virtud de su pronunciamiento, desestimó la demanda contra tercero y ordenó el archivo con perjuicio en cuanto al señor Batista Carriles.

En desacuerdo, y tras denegada una previa solicitud de reconsideración, el 12 de enero de 2026, el apelante compareció ante nos mediante el presente recurso. En el mismo, formuló los siguientes señalamientos:

> Erró el Honorable TPI al desestimar la Demanda de Tercero porque no procede la desestimación según la Regla 10.2 (5) de Procedimiento Civil de 2009, ni el estándar jurisprudencial de plausibilidad de las alegaciones ni las defensas de falta de jurisdicción o prescripción.

> Erró el Honorable TPI a[l] no atender la moción de desestimación bajo la Regla 10.2 de Procedimiento Civil como una Moción de Sentencia Sumaria bajo la regla 56 de Procedimiento Civil de 2009.

Luego de examinar el expediente ante nuestra consideración, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

## II

## A

Nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). Considerando eso, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los

tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

Ahora bien, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1149 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823, 833 (2024). Esta defensa "no está sujeta a la regla general sobre acumulación y renuncia de defensas" establecida en el ordenamiento procesal, y "puede aducirse en cualquier alegación responsiva, en una moción para que se dicte sentencia por las alegaciones e, incluso, luego de comenzado el juicio". *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1066-1067 (2020). En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Díaz Vázquez y otros v. Colón Peña,* supra, pág. 1149; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833; *Costas Elena y Otros v. Magic Sport y Otros,* 213 DPR 523, 534 (2024); *Eagle Security v. Efrón Dorado et al.,* 211 DPR 70, 84 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994).

De igual forma, la demanda deberá ser interpretada con mayor liberalidad a favor de las alegaciones de los demandantes, por lo que, recayendo la carga probatoria en el promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo de los hechos que puedan ser probados en apoyo a su requerimiento. *Díaz Vázquez y otros v. Colón Peña*, supra, pág. 1150; *Inmob. Baleares et al. v. Bernabe et al.,* 214 DPR 1109, 1128-1129 (2024); *Dorante v. Wrangler of P.R.,* 145 DPR 408, 414 (1998).  En este supuesto, la función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para constituir una reclamación válida.  *Blassino, Reyes v. Reyes Blassino,* supra, págs. 833-834; *Pressure Vessels PR v. Empire Gas PR,* supra, pág. 505.

Al momento de evaluar una solicitud de desestimación bajo la Regla 10.2 (5), *supra*, el Tribunal debe examinar, si a partir de los hechos que aceptó por ciertos, la demanda expone una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y Otros v. Magic Sport y Otros,* supra, pág. 534. Por lo tanto, para que prevalezca una moción de desestimación, bajo esta Regla, "debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación". *Íd.*; *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 654 (2013). Para ello, "el Tribunal debe aceptar como ciertos todos los hechos bien alegados en la demanda eliminando del análisis las conclusiones legales y los elementos de la causa de acción apoyados por aseveraciones conclusorias". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, pág. 307.  Ahora bien, si luego de este análisis el Tribunal "aún entiende que no se cumple con el estándar de plausibilidad, debe desestimar la demanda, pues

no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba". *Costas Elena y Otros v. Magic Sport y Otros,* supra, pág. 534; Hernández Colón, *op. cit.,* pág. 307.

Por otra parte, si en una moción de desestimación al amparo de la Regla 10.2 (5) *supra,* "se exponen materias no contenidas en la alegación impugnada, y estas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 [...]". 32 LPRA Ap. V, R. 10.2(5). Cónsono con dicha premisa, la doctrina interpretativa reconoce que "[c]uando se presenta una moción de desestimación acompañada de prueba, la transforma [...] en una moción de sentencia sumaria; y dispone que sea considerada como tal". Hernández Colón, *op. cit.,* pág. 309.

**B**

Por otro lado, la prescripción extintiva es un instituto propio de derecho civil en materia sustantiva, que está intrínsecamente atada al ejercicio del derecho que se pretende vindicar. *Birriel Colón v. Econo y Otro,* 213 DPR 80, 94-95 (2023); *Maldonado Rivera v. Suárez,* 195 DPR 182, 192 (2016)*; Vera v. Dr. Bravo,* 161 DPR 308, 381 (2004); *Campos v. Cía Fom. Ind.,* 153 DPR 137, 143 (2001); *Olmo v. Young & Rubicam of P.R., Inc.,* 110 DPR 740, 742 (1981). Nuestro ordenamiento jurídico reconoce que su aplicación es cónsona al principio de celeridad, por lo que responde al ideal de un sistema de adjudicación expedito. Si bien la prescripción pretende estimular el pronto ejercicio de las acciones, evitando, de este modo, la incertidumbre en las relaciones jurídicas, lo cierto es que, de igual forma, sirve para castigar la desidia del titular de determinado derecho al no reclamar oportunamente su vindicación. Así pues, esta figura pretende evitar la extensión indefinida e innecesaria de la protección del poder público, dando

paso a que opere una presunción legal de abandono, cuando el término legal dispuesto para una acción en específico transcurra sin que medie gestión alguna por parte de su acreedor. *González v. Wal-Mart, Inc.,* 147 DPR 215, 216 (1998); M. Albaladejo, *Derecho Civil*, Barcelona, Ed. Bosch, 1989, T. I, Vol. 2, pág. 496.

Por su parte, el Artículo 1204 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, 31 LPRA sec. 9496, dispone que las acciones para exigir responsabilidad civil por las obligaciones extracontractuales derivadas de la culpa o la negligencia prescriben por el transcurso de un año, contados desde que la persona agraviada conoce la existencia del daño y quien lo causó[5]. Cónsono con la *teoría cognitiva del daño,* nuestro ordenamiento jurídico reconoce que se hace preciso contar con todos los elementos necesarios para presentar la correspondiente reclamación judicial, siempre que el interesado, de buena fe y no por falta de diligencia atribuible a su persona, desconozca que tiene derecho a hacerla valer. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012); *COSSEC v. González López*, 179 DPR 793, 806 (2010); *Allende Pérez v. García*, 150 DPR 892, 904 (2000); *Vega v. J. Pérez & Cía. Inc.,* 135 DPR 746, 755 (1994). De este modo, quien afirme que la ocurrencia del daño data de una fecha distinta a aquella en la que se produjo el acto culposo o negligente que lo causó, **está obligado a demostrar el momento en el que efectivamente advino a su conocimiento.** *Rivera Encarnación v. E.L.A.,* 113 DPR 383, 385 (1982).

**III**

En la presente causa, el apelante alega que el Tribunal de Primera Instancia erró al desestimar la demanda contra tercero, por

---

[5] Igual término de prescripción disponía el Artículo 1868 del Código Civil de 1930, 31 LPRA ant. sec. 5298.

entender que no procedía la desestimación al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*. De igual forma, aduce que el foro sentenciador incidió al no considerar la moción de desestimación presentada por el apelado, como una de sentencia sumaria. Habiendo entendido sobre los referidos señalamientos, a la luz de los hechos y de la norma aplicable, confirmamos el dictamen apelado.

Conforme a la normativa antes expuesta, la Regla 10.2 (5), *supra*, provee para una determinación desestimatoria, cuando, de la faz de las alegaciones de una demanda, interpretadas las mismas a favor de la parte demandante, surge, de manera concluyente, que esta no tiene derecho a obtener un remedio en ley.

De entrada, es menester destacar que la *Demanda Enmendada* contiene unas alegaciones, las cuales, tomadas como ciertas, no establecen una posible causa de acción que amerite la concesión de un remedio. En específico, el apelante no propone cuestiones fácticas suficientes que muevan el criterio judicial a reconocer que, bajo el estado de derecho aplicable, sean susceptibles de una reparación en ley. A manera de ejemplo, el apelante expuso en su duodécima alegación lo siguiente:

[…]

12. El tercero demandado junto a Gregorio Mejías Velázquez en concierto y común y en capacidad de corredor de bienes raíces y dueño respectivamente incurrieron en conducta dolosa, negligente y/o intencional en perjuicio del contrato de opción vigente conocido por ambos, por lo que eran solidariamente responsables a la parte compareciente.

[…]

Al entender sobre la referida alegación, apreciamos que la misma es totalmente conclusoria y carente de hecho alguno que la sostenga. La misma es una mera conclusión no sostenida por fundamento fáctico que permita una mayor consideración de sus

términos, por lo que no cumple con el estándar de plausibilidad que garantice su suficiencia.

Por otra parte, el apelante sostuvo en su *Demanda Enmendada* que el apelado incumplió con sus deberes contractuales. En específico, adujo que no recibió copia del contrato de opción de compraventa por parte del apelado y que, éste junto a los demandantes, dejaron de comunicarse, con el propósito de obligarlo a negociar un nuevo contrato de opción de compraventa. Sostuvo, que dicha conducta demostró mala fe por parte del apelado y los demandantes, al actuar con la intención de impedir que el señor Cruz Rivera adquiriera el inmueble objeto de controversia. A su vez, señaló que el apelado incurrió en incumplimiento contractual al evadir sus llamadas durante el término dispuesto para ejercer la opción de compraventa y por no comunicar que tenía un financiamiento alterno para adquirir la referida propiedad. Sin embargo, de las propias alegaciones vertidas por el apelante en su *Moción de Reconsideración*[6], surge que el apelado no fue parte del contrato suscrito en el año 2018. Así pues, en ausencia de un contrato entre el apelante y el apelado, resulta improcedente la reclamación de incumplimiento contractual.

Por otro lado, en el presente caso, el apelante formuló varias alegaciones relacionadas al incumplimiento con las funciones inherentes del apelado como corredor de bienes raíces, bajo la Ley Núm. 10, *supra*. En específico, planteó que el apelado no depositó la suma de quince mil dólares ($15,000.00) en una cuenta plica y que la retención del aludido depósito por parte del apelado era contrario a la ley. Sostuvo, además, que el apelado falsificó unos documentos por lo que, a su juicio, el contrato presentado por éste resultaba ser falso. Tales señalamientos, son propios de una

---

[6] *Íd.*, Entrada Núm. 243, págs. 1-9.

reclamación extracontractual. Por ende, conforme a lo anteriormente dispuesto, el término prescriptivo aplicable para reclamar daños extracontractuales es de un (1) año desde que la parte agraviada conoció el daño y la identidad del causante.

Del expediente ante nuestra consideración, surge que no fue sino hasta que el apelante solicitó una reconsideración del dictamen desestimatorio que alegó haber adquirido conocimiento del alegado daño con posterioridad al año 2018. Tal alegación fue formulada de manera genérica, sin indicar la fecha cierta del conocimiento del daño. Surge de las alegaciones de las partes que el apelado fungió como corredor en la transacción de controversia suscrita en el año 2018. Por tanto, ante la ausencia de una fecha cierta distinta, se toma la fecha de la referida transacción como punto de partida para el cómputo del término prescriptivo. Así pues, habiéndose presentado la *Demanda Enmendada* el 13 de noviembre de 2024, forzoso es concluir que la causa de acción extracontractual instada contra el apelado estaba prescrita.

Por último, en cuanto al segundo señalamiento de error, el apelante sostiene que la moción de desestimación presentada por el apelado debió ser considerada por el foro primario como una de sentencia sumaria. Tal cual esbozado, si en una moción de desestimación se exponen materias no contenidas en la alegación impugnada, y estas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria. Del expediente surge que el apelado, al presentar su solicitud de desestimación, sólo hizo referencia a determinadas alegaciones contenidas en la *Demanda Enmendada*. Además, de los documentos que obran ante nuestra consideración, no se desprende que el foro sentenciador haya examinado materias no contenidas en la demanda contra tercero. Por lo tanto, podemos aseverar que la solicitud de desestimación en disputa, no debía considerarse como

una moción de sentencia sumaria, tal cual lo autoriza la Regla 10.2, *supra.*

En mérito de lo antes expuesto, la desestimación decretada por el foro primario constituyó el quehacer adjudicativo más apropiado y correcto. Por tanto, confirmamos el dictamen apelado en toda su extensión.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones